UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| 1735 JERSEY AVE LLC,<br><br>    Plaintiff,<br><br> v.<br><br>LUXE LIVING DESIGN, LLC<br><br>    Defendant. | Document Electronically Filed<br><br>Civil Action No.: 3:24-cv-06175 (MAS) (TJB)<br><br><u>Return Date</u>:  June 17, 2024 |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO REMAND THIS ACTION

               **Clark Guldin**
               Attorneys at Law
               20 Church Street – Suite 15
               Montclair, New Jersey 07042
               973.707.5346
               *Attorneys for Plaintiff*
               *1735 Jersey Ave LLC*

Of Counsel and On the Brief:
 Jonathan A. Ozarow, Esq.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ............................................................................ 1

PROCEDURAL HISTORY/STATEMENT OF FACTS ....................................... 2

LEGAL ARGUMENT ............................................................................................ 3

POINT I   REMOVAL BASED ON DIVERSITY IS UNAVAILABLE AS A MATTER OF LAW AND LANDLORD SHOULD BE AWARDED ITS COSTS FOR MAKING THE INSTANT MOTION ........................................................................................ 3

    A.    The Standard of Review ............................................................. 3

    B.    This Action Fails to Meet the Jurisdictional Threshold Necessary for Removal ............................................................. 4

    C.    The Court should Award Landlord its Costs Incurred in Connection with this Motion ....................................................... 8

CONCLUSION ..................................................................................................... 10

## TABLE OF AUTHORITIES

**PAGES**

**CASES**

Abels v. State Farm & Cas. Co., 770 F.2d 26 (3d Cir. 1985)..................................4

Am. Fire & Cas. Co. v. Finn, 341 U.S. 6 (1951).....................................................3

Angus v. Shiley Inc., 989 F.2d 142 (3d Cir. 1993)..................................................5

A.S. ex rel. Miller v. Smithkline Beecham Corp., 769 F.3d 204 (3d Cir. 2014).....................................................................................................................3

Carr v. Johnson, 211 N.J. Super. 341 (App. Div. 1986)..........................................6

Carteret Properties v. Variety Donuts, Inc., 49 N.J. 116 (1967) .............................6

Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81 (2014) .............4

Farren v. FCA US, LLC, 2018 WL 372168 (D.N.J. 2018) .....................................7

Frederico v. Home Depot, 507 F.3d 188 (3d Cir. 2007) .........................................3

Grand Union Superm. Of the Virgin Isl., Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408 (3d Cir. 2003) ...............................................................................5

Horton v. Liberty Mut. Ins. Co., 367 U.S. 348 (1961) ............................................5

Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 258 U.S. 377 (1922) .............6

Lopez v. U. S. Fid. & Guar. Co., 15 Alaska 633 (D. Alaska 1955) ........................4

Martin v. Franklin Cap. Corp., 546 U.S. 132 (2005)..............................................8

Sponholz v. Stanislaus, 410 F. Supp. 286 (S.D.N.Y. 1976)................................6, 7

St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938).......................7

**COURT RULES**

Rule 6:3-4(a) ............................................................................................................6

**STATUTES**

28 U.S.C. §1332 ............................................................................................................. 5

28 U.S.C. §1441(a) .................................................................................................... 2, 3

28 U.S.C. §1446(a) ........................................................................................................ 4

28 U.S.C. §1447 ............................................................................................................ 8

28 U.S.C. §1447(c) .................................................................................................... 1, 8

N.J.S.A. § 2A:18-51 .................................................................................................. 1, 6

N.J.S.A. § 2A:18-61.1a ................................................................................................. 6

N.J.S.A. § 2A:42-11 ...................................................................................................... 6

Plaintiff, 1735 Jersey Ave LLC ("Landlord"), respectfully submits this brief in support of its motion for an Order (i) remanding this action to the Superior Court of New Jersey, Special Civil Part, Landlord/Tenant Division, (ii) awarding Plaintiff its cost and attorneys' fees incurred in connection with this motion pursuant to 28 U.S.C. §1447(c); and (iii) awarding such other relief as the Court deems just and proper.

## PRELIMINARY STATEMENT

Landlord and Defendant, Luxe Living Design, LLC ("Tenant"), are parties pursuant to a commercial lease agreement (the "Lease") whereby Tenant leased from Landlord certain real property (the "Premises"). Tenant failed to comply with its leasehold obligations and, as a result, Landlord commenced an action (the "L/T Complaint") in the Superior Court of New Jersey, Middlesex County, Special Civil Part, Landlord/Tenant Division ("L/T Court"), solely to recover possession of the Premises—the only relief that can be afforded by the L/T Court. Landlord's choice of venue was intentional and deliberate. N.J.S.A. § 2A:18-51, *et seq*. (the "Summary Dispossess Statute") affords landlords a quick remedy where, like here, a landlord is faced with a recalcitrant tenant. Among other things, there are mechanisms in place to streamline this process. Most importantly for the purposes of this motion, L/T Court has limited jurisdiction and is without the power to award any monetary damages.

{00134956 - 1}

In interpreting 28 U.S.C. §1441(a), Courts uniformly hold that the federal court's power is derivative of the state court. In applying this interpretation to disputes akin to the case at bar, federal courts remand cases back to state courts where the minimum federal jurisdictional amount, $75,000, exceeds the amount that could possibly be awarded in the state court where the action originated. Thus, the Court is constrained to remand this matter back to the L/T Court action as the L/T Court is without the power to meet the jurisdictional minimum.

Beyond the fact that removal was meritless and without any basis in fact, Tenant's decision to remove is a not-so-thinly veiled attempt to delay this action. The Summary Dispossess Statute's purpose is to afford parties such as Landlord an expedient way to recover its real property in similar situations. Tenant offers no legitimate defense to this action because none exists. Thus, the Court should award Landlord its fees and costs incurred in connection with the instant motion.

## **PROCEDURAL HISTORY/STATEMENT OF FACTS**

The Court is respectfully referred to the accompanying declarations of Jonathan A. Ozarow, Esq. (the "Ozarow Decl.") and Joseph Saadia (the "Saadia Decl.") for a brief recitation of the salient facts and relevant background, which are incorporated by reference herein.

# LEGAL ARGUMENT

## POINT I

### REMOVAL BASED ON DIVERSITY IS UNAVAILABLE AS A MATTER OF LAW AND LANDLORD SHOULD BE AWARDED ITS COSTS FOR MAKING THE INSTANT MOTION

**A.    The Standard of Review**

28 U.S.C. § 1441(a) provides, in pertinent part, that "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  The Third Circuit holds "defendants may generally remove civil actions from state court to federal district court <u>so long as the district court would have had subject-matter jurisdiction had the case been originally filed before it</u>." <u>A.S. ex rel. Miller v. Smithkline Beecham Corp.</u>, 769 F.3d 204, 208 (3d Cir. 2014) (emphasis supplied).  An action's removability is determined by the plaintiff's pleadings at the time of removal. <u>Am. Fire & Cas. Co. v. Finn</u>, 341 U.S. 6, 14 (1951).  Where, like here, propriety of removal is challenged, the party asserting federal jurisdiction bears the burden of showing that removal is proper. <u>Frederico v. Home Depot</u>, 507 F.3d 188, 193 (3d Cir. 2007).  "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, <u>the removal statute should be strictly construed and

all doubts should be resolved in favor of remand." Abels v. State Farm & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985) (emphasis supplied).

    **B.    This Action Fails to Meet the Jurisdictional Threshold Necessary for Removal**

28 U.S.C. §1446(a) requires a notice of removal to "contain[] a short and plain statement of the grounds for removal." "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014). The purpose of this rule "is to prevent surprise…the courts will construe a pleading to give effect to all averments if such construction is reasonable; however, such liberal construction does not permit the pleader to unreasonably catch an unwary litigant; and such liberality of construction must be circumscribed by the plain requirements of the rules." Lopez v. U. S. Fid. & Guar. Co., 15 Alaska 633, 637 (D. Alaska 1955).

Tenant's Notice of Removal solely cites diversity jurisdiction as the basis for removal. (Ozarow Decl., Ex. B at ¶¶ 4- 6.) Neither side disputes that the parties have complete diversity of citizenship. However, Plaintiff disputes that this action satisfies the amount in controversy necessary for removal. By pleading a single cause for removal, Tenant cannot claim any other bases for removal on its opposition papers, should Tenant decide to oppose this motion.

For diversity jurisdiction to exist under 28 U.S.C. §1332, each party must be of diverse citizenship from each other and the amount in controversy must exceed $75,000. Grand Union Superm. Of the Virgin Isl., Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003). "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith." Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961). Put differently, the amount in controversy is governed by the amount that could be awarded to a litigant should they prevail at trial. Angus v. Shiley Inc., 989 F.2d 142 (3d Cir. 1993) ("Given that the complaint does not limit its request for damages to a precise monetary amount, the district court properly made an independent appraisal of the value of the claim, and reasonably found that the actual amount in controversy exceeded $50,000 for there can be no doubt that a reasonable jury likely could have valued Angus's losses at over $50,000") (internal citations omitted and emphasis supplied).

"The removal jurisdiction of a federal court is derivative in nature. If the state court in which an action is commenced lacks jurisdiction, then upon removal the federal court lacks jurisdiction as well, even if the case could properly have been brought in the federal court in the first instance…Indeed, it seems fair to conclude that removal from a court with a maximum jurisdictional limit less than

the minimum federal jurisdictional amount is an impossibility." Sponholz v. Stanislaus, 410 F. Supp. 286, 288 (S.D.N.Y. 1976) *citing* Minnesota v. United States, 305 U.S. 382, 389 (1939) *and* Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 258 U.S. 377, 382 (1922).

The statutory framework underpinning the Summary Dispossess Statute is informative. "[An] action for possession of the leased premises is a summary statutory proceeding…The cause of termination is jurisdictional, and if at trial evidence is adduced from which a finding could reasonably be made that a proper notice was served and that the specified statutory cause existed, a judgment for possession is conclusive." Carteret Properties v. Variety Donuts, Inc., 49 N.J. 116, 123 (1967). "The summary dispossess statute [N.J.S.A. 2A:18-51, et seq.] was designed to give a landlord a quick remedy for possession." Carr v. Johnson, 211 N.J. Super. 341, 347 (App. Div. 1986). The Legislature observed that the Summary Dispossess Statute was drafted with "the intent…to fairly balance and protect rights of tenants and landlords." N.J.S.A. § 2A:18-61.1a. Rule 6:3-4(a) prohibits joinder of any actions or claims in a summary action between landlords and tenants. Should a landlord wish to try and obtain a money judgment against a defaulted tenant, a landlord is required to bring a plenary action. N.J.S.A. § 2A:42-11.

The Summary Dispossess Statute's limitation on relief that can be obtained in the court of first instance—in this case the L/T Court—is fatal to Tenant's Notice of Removal. Indeed, this was precisely the issue under <u>Sponholz</u>. There, like here, the plaintiff commenced an action in a court of limited jurisdiction. The <u>Sponholz</u> defendant alleged that it was possible for the <u>Sponholz</u> plaintiff to have sued in a different forum and/or seek recovery more than the federal jurisdictional minimum—a claim that Tenant appears to try and make here. This argument was found unavailing by the reviewing court, which held "'[t]he claim (i.e. the complaint at the time of removal), whether well or ill-founded in fact, <u>fixes the right of the defendant to remove</u>, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election. <u>If he does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove</u>.'" <u>Sponholz</u>, 410 F. Supp. at 288 (S.D.N.Y. 1976) *quoting* <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 294 (1938) (emphasis supplied). Despite the <u>St. Paul</u> case being nearly a century old, this holding was cited approvingly by this very Court as recently as 2018. <u>Farren v. FCA US, LLC</u>, 2018 WL 372168, at *2 (D.N.J. 2018).

At bottom, it would be impossible for Landlord to obtain <u>any</u> monetary damages in this action. Thus, contrary to Tenant's assertion, there is no amount of

money in controversy, much less $881,558.38, in this action. Because the jurisdictional minimum is an impossibility, Tenant is foreclosed from removing this action and the Court must remand to the L/T Court.

     **C.**    **The Court should Award Landlord its Costs Incurred in Connection with this Motion.**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447. As the Supreme Court explains "[a]bsent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005).

It is respectfully submitted that this is such a case where there was a reasonable basis for seeking removal. To that end, there was never any amount in controversy, as explained *supra*. Even assuming, *arguendo*, that Tenant was ignorant of the jurisdictional limitation of the L/T Court, Landlord advised Tenant as much. (Ozarow Decl., Ex. C) Rather than heed Landlord's warning and/or perform any research, Tenant belligerently advised that he had "ample" authority to the contrary (while refusing to share such authority to allow the parties to resolve this without motion practice) and threatened to make his own motions for sanctions.

Tenant's actions prejudice Landlord and are anathema to the purpose of the Summary Dispossess Statute. Tenant is currently in possession of the Premises and is refusing to make any payments due under the Lease. Tenant's purported defenses are currently unknown, but it strains credulity to believe that Tenant can and should be allowed to remain in possession of the Premises if it will not pay any rent due and owing, which continues to accrue at approximately $230,000 per month, exclusive of late and legal fees. The fact that Tenant also employs, in some capacity, an attorney whom New Jersey Courts found unfit to practice in a *pro hac vice* capacity is telling as to Tenant's motivation here. Here, Tenant lacked any basis to remove this action due to diversity jurisdiction—the sole basis cited in its Notice of Removal.

As a final point, Tenant has never had any legitimate basis for withholding rent. As explained in the Saadia Decl., Tenant ostensibly withheld rent payments because Tenant alleged that it was not able to utilize the Premises. However, this argument cannot be squared with recent photographs that demonstrate, beyond all reasonable dispute, that Tenant is utilizing the entirety of the Premises. Put differently, Tenant's withholding of rent is not for any legitimate purpose, but borne of bad faith and/or to place Landlord in a state of economic duress. Landlord is entitled to recapture the Premises and relet this space to a new party who will comply with all leasehold obligations. All logical inferences suggest that

Tenant's removal is a delay tactic and nothing more. The Court should not countenance such maneuvers. Thus, Landlord should be awarded all fees and costs incurred in connection with this motion.

## CONCLUSION

For all the foregoing reasons, Landlord respectfully requests the Court grant the relief sought herein in the entirety.

Respectfully submitted,
**CLARK GULDIN**
*Attorneys for Plaintiff*
*1735 Jersey Ave LLC*


By:\_\_\_/s Jonathan A. Ozarow_____
       Jonathan A. Ozarow, Esq.

Dated:  May 24, 2024