**CLARK GULDIN**
Attorneys At Law
20 Church Street
Montclair, New Jersey 07042
973.707.5346
*Attorneys for Plaintiff*
*1735 Jersey Ave LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| 1735 JERSEY AVE LLC, <br><br> Plaintiff, <br><br> v. <br><br> LUXE LIVING DESIGN, LLC, <br><br> Defendants. | HON. MICHAEL A. SHIPP, U.S.D.J., <br> HON. TONIANNE J. BONGIOVANNI, U.S.M.J. <br><br> CIVIL ACTION NO. 3:24-cv-06175 (MAS) (TJB) <br><br> **Return Date:** June 17, 2024 <br><br> **DECLARATION OF JONATHAN A. OZAROW, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND** |

I, Jonathan A. Ozarow, Esq., hereby certify under penalties of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a member of Clark Guldin Attorneys at Law, attorneys for Plaintiff, 1735 Jersey Ave LLC ("Landlord"). I submit this declaration based upon my personal knowledge and in support of Landlord's motion seeking to remand this action to the Superior Court of New Jersey, Middlesex County, Special Civil Part, Landlord/Tenant Division ("L/T Court").

2. This action arises out of Landlord's attempt to recapture possession of certain real property (the "Premises") leased by Landlord to Defendant, Luxe Living Design, LLC ("Tenant"), pursuant to a written agreement (the "Lease").

{00134978 - 1}

3. On or about May 10, 2024, Landlord sought a judgment of possession and to remove Tenant from the Premises by filing a Landlord/Tenant Summons and Complaint with the L/T Court (collectively, the "L/T Complaint", a true and accurate copy of which is attached hereto as **Exhibit A**.)

4. As set forth in the face of the L/T Complaint, the sole relief sought by Landlord was to regain possession of the Premises. *Id.*, p. 1.

5. On or about May 15, 2024, Tenant filed a Notice of Removal seeking to remove this action to this Court.[1] A true and accurate copy of the Notice of Removal is attached hereto as **Exhibit B**.

6. Tenant's sole basis for removing this action from the L/T Court is diversity, with Tenant specifically citing that "[t]he amount in controversy of Plaintiff's claim, as specified in Plaintiff's complaint is $881,558.38…". *Id.*, at ¶ 6.

7. Shortly after receiving Tenant's Notice of Removal, I demanded Tenant withdraw its Notice of Removal, which demand was refused. A true and accurate copy of email correspondence between counsel[2] is attached hereto as **Exhibit C**.

---

[1] Tenant failed to properly file the Notice of Removal with the L/T Court and, on May 23, 2024, Landlord received notice that a trial is scheduled to proceed on June 5, 2024.

[2] Tenant's counsel copied Aaron Twersky, Esq. on this correspondence. Mr. Twersky has not filed any notice of appearance in this action. While his role in this action is unknown, Courts in the State of New Jersey previously sanctioned Mr. Twersky and found him in contempt of Court Orders, while also denying applications by Mr. Twersky to appear *pro hac vice*. True and accurate copies of orders entered against Mr. Twersky are collectively attached hereto as **Exhibit D**. During the pendency of the action referenced there, Mr. Twersky, who was not authorized to practice law in the State of New Jersey at the time, falsely advised the Court that he obtained consents for adjournments when, in fact, he did not so as to engender delays for his client.

-3-

     Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  May 24, 2024                       _____
                                                  Jonathan A. Ozarow, Esq.