Avram E. Frisch, Esq.
The Law Office of Avram E. Frisch LLC
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com
Attorney for Defendant

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------------------------- x

**1735 JERSEY AVE LLC**

                                                                           Docket No. 3:24-cv-06175

                       Plaintiff,

         - against -

**LUXE LIVING DESIGN, LLC**

                       Defendant.

---------------------------------------------------------------- x

**MEMORANDUM OF LAW OF DEFENDANT IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ...................................................................................... ii

1. **INTRODUCTION**............................................................................................. 1

2. **LEGAL ARGUMENT**...................................................................................... 1

    a. The Parties are Diverse ............................................................................... 2

    b. Monetary Threshold.................................................................................... 2

    c. Plaintiff's Analysis is Illogical and Must Fail ........................................... 6

    d. Legal Fees ................................................................................................... 7

3. **CONCLUSION** ................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Cases**
§ 1447(c) ............................................................................................................................. 8
*Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir.1993) ...................................................... 2
*Byler Management Co., LLC v. Bulletproof Enters., Inc.*, Civ. No. 1:cv– 10–0632, 2010 WL 2431823 ........................................................................................................................ 3
*Corley v. Nat'l Indem. Co.*, No. 2:16-CV-00584-MMB, 2016 WL 8730146 (E.D. Pa. Sept. 9, 2016) ............................................................................................................................. 9
*Florham Vill. LLC v. New Jersey CVS Pharmacy LLC*, No. 15-8758 (KM)(JBC), 2016 WL 3965203 ........................................................................................................................ 4
*Hous. Auth. of Town of Morristown v. Little*, 639 A.2d 286 (N.J. 1994) ........................ 5
*Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333 (1977) .................................. 3
*Leonard Parness Trucking Corp. v. Omnipoint Communs., Inc.*, No. 13-4148 (JLL), 2013 U.S. Dist. LEXIS 139143 ................................................................................................. 3
*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711 (2005) ......... 8
on *Sponholz v. Stanislaus*, 410 F. Supp. 286, 288 (S.D.N.Y. 1976), ............................... 7
*Phillips v. Kapp*, 87 F.R.D. 548, 550 (S.D.N.Y. 1980). ................................................... 9
*Saveriano v. Saracco*, 97 N.J. Super. 43, 47, 234 A.2d 244, 246 (App. Div. 1967) ....... 6
*See Landsman & Funk PC v. Skinder-Strauss Associates*, 640 F.3d 72, 81 (3d Cir. 2011) opinion reinstated in part, 09-3105, 2012 WL 2052685 (3d Cir. Apr. 17, 2012). .................... 1
*See Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) ............................. 2
*Stanger v. Ridgway*, 169 N.J. Super. 47, 54 (Dist. Ct. Cumberland Cty. 1979). ............. 7
*Vineland Shopping Ctr., Inc. v. De Marco*, 173 A.2d 270, 276 (N.J. 1961) .................... 5

**Statutes**
28 U.S.C. §1332 ................................................................................................................. 1
28 U.S.C. §1441 ................................................................................................................. 1
N.J.S.A. §2A:18-55 ............................................................................................................ 6

1. **Introduction**

This memorandum of law is in opposition to Plaintiff's motion to remand this action to state court (the "Motion"). As all parties agree, the parties are diverse and the Plaintiff commenced this eviction action in State Court for non-payment of rent in the amount of $881,558.38 in unpaid rent. Plaintiff's sole contention is that the action is seeking possession of the premises for non-payment of rent, and as such is not an action seeking any money at all. Ample case law demonstrates that this contention is false. Additionally, Plaintiff misstates the procedure in New Jersey state court on a summary eviction. In an action for summary eviction, where one seeks to dispossess a tenant, payment of the past due rent would satisfy the judgment and permit the action to be discontinued, even if the plaintiff obtained entry of a judgment in its favor. Therefore, as will be demonstrated below, there is no dispute that this action meets the amount in controversy requirement, and the motion should be denied.

2. **Legal Argument**

Removal of a civil action is governed by 28 U.S.C. § 1441, which states, *inter alia*:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending….

28 U.S.C. § 1441. A district court has subject matter jurisdiction over state law claims if there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332. Federal courts have original jurisdiction over cases in which complete diversity exists. *See Landsman & Funk PC v. Skinder-Strauss Associates*, 640 F.3d 72, 81 (3d Cir. 2011) opinion reinstated in part, 09-3105, 2012 WL 2052685 (3d Cir. Apr. 17, 2012).

### a. The Parties are Diverse

Plaintiff admits that the parties are in fact diverse, as the Plaintiff is domiciled in New Jersey and the Defendant in New York. *See* Plaintiff's Memorandum of Law in Support of its Motion to Remand ("Plaintiff's Memorandum"), D.E. 5-1, p. 4. As such, there is no dispute as to this element.

### b. Monetary Threshold

Rather than argue that the parties are not diverse, Plaintiff focuses on the idea that the amount in controversy has not been met because this is a landlord tenant case and a "L/T Court is without the power to meet the jurisdictional minimum." *See* Plaintiff's Memorandum, D.E. 5-1, p. 2. However, Plaintiff's argument relies on the incorrect presumption that the only removable actions are those for monetary judgments.

To determine whether the amount in controversy has been satisfied for the purposes of diversity jurisdiction, the court must measure the amount not by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated. *See Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (*citing Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir.1993)). The Supreme Court has explained "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443 (1977). In order to determine the amount in controversy in an ejectment action, the court must determine the value of the ejectment action to the plaintiff, and in doing so, the court may look at unpaid rent and any improvements that defendant made to the property. *See Byler Management Co., LLC v. Bulletproof Enters., Inc.*, Civ. No. 1:cv– 10–0632, 2010 WL 2431823 at *4 (M.D.Pa. June 14, 2010). Additionally, "[c]ourts within the Third Circuit that

have considered whether there is diversity jurisdiction in eviction actions have examined the value of the lease agreement to the plaintiff, rather than merely using the money damages sought in the complaint as the benchmark." *Leonard Parness Trucking Corp. v. Omnipoint Communs., Inc.*, No. 13-4148 (JLL), 2013 U.S. Dist. LEXIS 139143, at *10 (D.N.J. Sep. 27, 2013).

The Complaint in this case states that it is for "non-payment of rent." *See* Complaint, D.E. 1, p.1. Plaintiff's Complaint demands $881,558.38 if trial is scheduled prior to June 1, 2024 and $1,117,285.50 if trial is scheduled after June 1, 2024. *See* Complaint, D.E. 1, p. 2, ¶ 9B. Therefore, Plaintiff's argument that this action is for non-monetary damages is undermined by the demands for payment in paragraph 9B of the Complaint. The aforementioned amounts are also demanded in monetary relief for the Complaint to be dismissed. *See* Complaint, D.E. 1, p. 2, ¶ 9B. According to the Complaint, not only is the judgment over $881,000, but the monthly rent alone is approximately $238,000. As such, there can be no dispute that this case meets the monetary threshold. Therefore, the Motion must be denied.

Even if the Court did entertain Plaintiff's argument that the only relief possible is possession of the Property, Defendant is able to meet the amount in controversy required by § 1332. Under *Byler*, the court can look to unpaid rent to determine the amount in controversy for an action for ejectment. *See Byler Management Co., LLC v. Bulletproof Enters., Inc.*, *supra*, 2010 WL 2431823 at *4. Therefore, the court can consider the $881,558.38/$1,117,285.50 that Plaintiff alleges is owed under the Lease in its determination of the amount in controversy. Based on this, the value of the ejectment action plainly exceeds the $75,000 jurisdictional threshold amount.

Moreover, the court in *Florham Vill. LLC v. New Jersey CVS Pharmacy LLC*, No. 15-8758 (KM)(JBC), 2016 WL 3965203, at *3 (D.N.J. July 21, 2016) considered the exact same

issue in this case. There, the court found that the amount in controversy "in an action for unpaid rent and ejectment, a court considered not only the unpaid rent, but also the value to the plaintiff (should it prevail) of regaining occupancy of the property, as improved by the defendant." *Florham Vill. LLC v. New Jersey CVS Pharmacy LLC*, No. 15-8758 (KM)(JBC), 2016 WL 3965203, at *2 (D.N.J. July 21, 2016) *citing Byler Mgmt. Co, LLC v. Bulletproof Enterprises, Inc.*, 2010 WL 2431823, at *4 (M.D. Pa. June 14, 2010).

In *Florham Vill. LLC*, the court noted that the complaint demanded "back rent of $158,336.12 before December 1, 2015, or $210,925.83 thereafter" to dismiss the Complaint. *Florham Vill. LLC v. New Jersey CVS Pharmacy LLC*, *supra*, 2016 WL 3965203, at *2. This is directly parallel to the demand in this case of $881,558.38 prior to June 1, 2024 and $1,117,285.50 thereafter to dismiss the Complaint. *See* Complaint, D.E. 1, p. 2, ¶ 9B. Additionally, in *Florham Vill. LLC*, the court found those demanded amounts were a reasonable measure of the value of the action to the Plaintiff. *See Florham Vill. LLC v. New Jersey CVS Pharmacy LLC*, *supra*, 2016 WL 3965203, at *3. The Court noted that "[w]hile the action is one for summary dispossession, I cannot ignore the reality that one important goal of such an action is to coerce payment of back rent. The Complaint itself provides for this, and specifies the dollar sum that will make the action go away." *Florham Vill. LLC v. New Jersey CVS Pharmacy LLC*, *supra*, 2016 WL 3965203, at *3.

The court in *Florham Vill. LLC* also directly addressed Plaintiff's argument here that the action is one of summary dispossession and not monetary judgment. Like in this case, the complaint in *Florham Vill. LLC* was brought pursuant to the summary dispossession statute. The Court found:

> Not for nothing, then, is it said that "[t]he summary-dispossess procedure also was designed to secure performance of the rental obligation in actions based on nonpayment of rent."

4

> *Hous. Auth. of Town of Morristown v. Little*, 639 A.2d 286, 289 (N.J. 1994) (emphasis added). *See also Hodges*, 915 A.2d at 7 ("summary dispossess actions permit landlords to secure performance of rental obligations"); *Vineland Shopping Ctr., Inc. v. De Marco*, 173 A.2d 270, 276 (N.J. 1961) ("[T]he summary proceeding is designed to secure performance of the rental obligation, and hence, it having been performed, the summary remedy may not be further pursued."). That coercive aspect, having as its object the performance of rental obligations, is not a bug but a feature of the statute. The amount of back rent is thus in play, or in controversy, in this dispossession action; it is a realistic measure of the value of what the landlord hopes to obtain as a result of its lawsuit.

*Florham Vill. LLC v. New Jersey CVS Pharmacy LLC*, *supra*, 2016 WL 3965203, at *3.

Therefore, a summary proceeding for eviction can meet the amount in controversy threshold for diversity jurisdiction if the amount of back rent is in excess of $75,000. In this case, on the face of the Complaint, the back rent alleged is far in excess of $75,000. *See* Complaint, D.E. 1, p. 2, ¶ 9B. Since a New Jersey District Court found diversity under the same circumstances but with a lower monthly rent and lower amount due, it is clear that the amount in controversy here is sufficient to establish diversity jurisdiction. *See Florham Vill. LLC v. New Jersey CVS Pharmacy LLC*, *supra*, 2016 WL 3965203, at *3. Therefore, the Court should follow this direct precedent and deny Plaintiff's motion to remand.

Lastly, Plaintiff asserts that a summary proceeding for non-payment of rent is in fact not an action for money damages. Pursuant to N.J.S.A. §2A:18-55, a summary proceeding for eviction based on non-payment of rent will be discontinued if the rent claimed to be in default is paid on or before entry of judgment. *See* N.J.S.A. §2A:18-55; *see also* Complaint, D.E. 1, p. 2, ¶ 9B. Even after judgment is entered, payment to the Clerk of Court of the rent due would result in satisfaction of the claim and the inability to proceed with the eviction. "[T]o hold it to mean that where there is a final judgment of dispossession and defendant, while court is still in session, immediately after judgment pays the disputed rent plus costs to the clerk, the statute ( N.J.S.A 2A:18-55) has been satisfied. All proceedings must stop, and the court's jurisdiction over the suit

5

ends except for the single fact of terminating the action." *Saveriano v. Saracco*, 97 N.J. Super. 43, 47, 234 A.2d 244, 246 (App. Div. 1967); *Stanger v. Ridgway*, 169 N.J. Super. 47, 54 (Dist. Ct. Cumberland Cty. 1979). Therefore, in New Jersey, a summary proceeding for non-payment is an action for monetary damages. Since the amount in controversy indisputably exceeds the $75,000 threshold, the Motion must be denied.

### c. Plaintiff's Analysis is Illogical and Must Fail

As noted above, New Jersey courts have long regarded the summary eviction process as one designed to obtain payment for the Landlord from a defaulting tenant. Not only is the Defendant losing possession, which is in and of itself valuable, but the intent of the statute is to ensure that the landlord obtain payment of its rent. Plaintiff's citation to a case from the Southern District of New York is not binding on this court and is also easily distinguished. Plaintiff's argument relies on *Sponholz v. Stanislaus*, 410 F. Supp. 286, 288 (S.D.N.Y. 1976), where the court was dealing with a removal of an action from a court with limited monetary jurisdiction that was below the jurisdictional minimum applicable to a diversity action. *See* Plaintiff's Memorandum, D.E. 5-1, p. 7. In that action, the Plaintiff had limited its demand to $10,000 and the minimum required a claim above $10,000. *See Sponholz v. Stanislaus*, 410 F. Supp. 286, 288 (S.D.N.Y. 1976). There was no mechanism by which the Plaintiff could obtain over $10,000 in value under state law applicable to the complaint. *See Sponholz v. Stanislaus*, *supra*, 410 F. Supp. at 288. As such, the matter had to be remanded.

Clearly the facts of *Sponholz* are dissimilar to the facts presented by the Complaint in this action. Moreover, the Supreme Court cases on which the *Sponholz* decision is said to rest have both been superseded by 28 USC §1441(e) and also do not relate to the analysis in this case. Those cases refer to a case where the state court had no original jurisdiction and the Federal

Court did in fact have jurisdiction. The Supreme Court held that the removal would not create jurisdiction when the original action would have been dismissed in state court for want of jurisdiction. This also has no bearing on our facts.

The fact that the primary relief for a summary eviction proceeding does not include the ability to garnish wages or execute on assets does not mean that it seeks a non-monetary judgment with no ascertainable value. This argument would mean that Federal jurisdiction is solely dependent on the remedies provided under state law for the collection of money. Under the Plaintiff's analysis, other limited actions, such as foreclosures under New Jersey law, would also be excluded from diversity jurisdiction. However, there is no basis for this conclusion in case law. Therefore, as demonstrated above, this case was properly removed and Plaintiff's Motion must be denied.

### d. Legal Fees

As Plaintiff is not entitled to a remand, it is clearly not entitled to legal fees. In any event, the Defendant's removal was objectively reasonable and supported by case law. As such, no fees are warranted. "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711 (2005). Clearly Defendant had a reasonable basis to remove this action since *Florham Vill. LLC*, a case in the District of New Jersey, directly addresses this very issue and denied the remand. *See Florham Vill. LLC v. New Jersey CVS Pharmacy LLC*, *supra*, 2016 WL 3965203.

In fact, in these instances, courts have "awarded attorney's fees as a sanction where 'defendants have had to defend against an utterly frivolous motion to remand.'" *Corley v. Nat'l Indem. Co.*, No. 2:16-CV-00584-MMB, 2016 WL 8730146 (E.D. Pa. Sept. 9, 2016) *quoting Phillips v. Kapp*, 87 F.R.D. 548, 550 (S.D.N.Y. 1980). As has been demonstrated above, Plaintiff's Motion is frivolous and without any merit. The value of this litigation, according to Plaintiff's Complaint, exceeds the threshold and caselaw in the District of New Jersey supports the removal. *See* Complaint, D.E. 1, p. 2, ¶ 9B; *see also Florham Vill. LLC v. New Jersey CVS Pharmacy LLC*, *supra*, 2016 WL 3965203. Even a superficial search demonstrates that Plaintiff's Motion is baseless. Moreover, Plaintiff was advised that the Motion was frivolous. *See* Exhibit C, Email Correspondence dated May 15, 2024, D.E. 5-8. And yet, Plaintiff willfully ignored this precedent and Defendant's warning. Thus, not only should Plaintiff's request for fees be denied, but the Court should award fees to Defendant for the need to respond to this frivolous Motion.

### 3.  Conclusion

For the reasons stated above, the removal is proper, the action meets all the requirements for diversity jurisdiction and the Motion to Remand should be denied.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the Court: a) deny Plaintiff's Motion to Remand in its entirety; b) deny Plaintiff's request for cost; c) grant Defendant's request for costs; and d) grant such other relief as the Court deems just and proper.

Dated: Hackensack, New Jersey
      June 17, 2024

 

_____
Avram E. Frisch