# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| 1735 JERSEY AVE LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>LUXE LIVING DESIGN, LLC<br><br>       Defendant. | Document Electronically Filed<br><br>Civil Action No.: 3:24-cv-06175 (MAS) (TJB)<br><br><u>Return Date</u>:  July 1, 2024 |

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO REMAND THIS ACTION

**Clark Guldin**
Attorneys at Law
20 Church Street – Suite 15
Montclair, New Jersey 07042
973.707.5346
*Attorneys for Plaintiff*
*1735 Jersey Ave LLC*

Of Counsel and On the Brief:
    Jonathan A. Ozarow, Esq.

{00136001 - 1}

-i-

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................1

LEGAL ARGUMENT ..............................................................................................2

POINT I    TENANT FAILS TO MEET ITS BURDEN NECESSARY
TO AVOID REMAND ...................................................................2

    A.    Removal was Improper as the Monetary Threshold
Cannot be Met ......................................................................2

    B.    At a minimum, Landlord Should be Awarded Fees and
Costs for this Motion Practice .............................................8

CONCLUSION .......................................................................................................11

# **TABLE OF AUTHORITIES**

**PAGES**

**CASES**

<u>Byler Management Co., LLC v. Bulletproof Enters., Inc.</u>, 20210 WL
    2431823 (M.D.Pa June 14, 2010) ................................................................ 3, 7, 8

<u>Daoud v. Mohammad</u>, 402 N.J. Super. 57 (App. Div. 2008) .................................. 9

<u>Florham Vill. LLC v. New Jersey CVS Pharmacy LLC</u>, 2016 WL 3965203
    (D.N.J. July 21, 2016) ................................................................... 3, 4, 5, 8

<u>Hollister v. U.S. Postal Serv.</u>, 142 F. App'x 576 (3d Cir. 2005) .............................. 2

<u>In re Mays</u>, 256 B.R. 555 (Bankr. D.N.J. 2000) ..................................................... 3

<u>Ivy Hill Park Apartments v. GNB Parking Corp.</u>, 237 N.J. Super. 1 (App.
    Div. 1989) ................................................................................................. 10

<u>Leonard Parness Trucking Corp. v. Omnipoint Commc'ns., Inc.</u>, 2013 WL
    5436541 (D.N.J. Sept. 27, 2013) ................................................................ 3, 6, 7

<u>O'Neal v. Middletown Twp.</u>, , 2019 WL 77066 (D.N.J. Jan. 2, 2019) ..................... 2

<u>Pers. V. Teamsters Local Union 863</u>, 2013 WL 5676802 (D.N.J. Oct. 17,
    2013) .......................................................................................................... 2

**STATUTES**

28 U.S.C. §1441 ...................................................................................................... 8

Plaintiff, 1735 Jersey Ave LLC ("Landlord")[1], respectfully submits this reply brief in further support of its motion for an Order seeking to remand this action to the L/T Court, in addition to costs and fees incurred in connection with this motion.

## PRELIMINARY STATEMENT

In its underlying motion papers, Landlord lays out the precise rationale based upon binding precedent as to why the Court should be remand this action to the L/T Court. In its opposition, Tenant eschews analyzing those cases cited by Landlord other than to say in purely conclusory terms that those cases are inapplicable to the situation at bar. Tenant further relies almost entirely upon a single unpublished case that is easily distinguished. In that regard, although Tenant contends that the dispute is the "exact same issue" as the parties' present dispute, the case actually turns on unique factors that are absent here. Tenant's misplaced reliance (and likely failure to read the cases cited beyond any cherry-picked quotes) is further evidenced by the fact that the remaining cases cited by Tenant undercuts Tenant's position. Indeed, those remaining cases upon which Tenant relies resulted in a remand of similar cases to the one improperly brought to this Court.

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed in Landlord's underlying motion papers.

Landlord's concerns that Tenant's goal is delay and frustration are confirmed by Tenant's actions since the filing of this motion. First, Tenant immediately filed a request for an automatic extension of a dispositive motion. Second, Tenant's answer confirms that there are no legitimate defenses to this action. While an award of fees rests in the Court's discretion, where, like here, a party removes an action without any legitimate basis and solely to delay, it is respectfully submitted that fees and costs are warranted.

## LEGAL ARGUMENT

### POINT I

### TENANT FAILS TO MEET ITS BURDEN NECESSARY TO AVOID REMAND

**A.  Removal was Improper as the Monetary Threshold Cannot be Met**

Where a litigant fails to address a substantive argument in opposition, that litigant concedes those arguments. O'Neal v. Middletown Twp., , 2019 WL 77066, at *3 (D.N.J. Jan. 2, 2019) ("Plaintiffs fail to present any substantive argument in opposition to Defendants' argument, and therefore, have conceded the point."); *see also* Hollister v. U.S. Postal Serv., 142 F. App'x 576, 577 (3d Cir. 2005); Pers. V. Teamsters Local Union 863, 2013 WL 5676802, at *2 (D.N.J. Oct. 17, 2013). In its initial moving papers, Landlord offered substantive arguments supported by binding legal authority that (i) removal is analyzed based upon plaintiff's pleadings

at the time of removal; (ii) all doubts must be construed in favor of remand; (iii) the burden for removal rests upon Tenant, and (iv) the notice of removal is required to state the basis for removal. (ECF 5-1, at pp. 3-4.) Tenant's opposition is silent to these points. Tenant's failure to address any of those arguments coupled with its admission that the sole basis for removal was diversity jurisdiction leaves limited issues for the Court to consider. Indeed, by its inactions and omissions, Tenant concedes (i) Landlord's substantive arguments on legal issues in dispute are correct and (ii) if the monetary threshold is not met, the Court must remand the case.

After minimal table-setting, Tenant offers a tortured argument that summary dispossess proceedings in New Jersey are removable so long as unpaid rent sought exceeds $75,000. (ECF 10, at pp. 2-5.) Tenant cites to three cases, all of which are unpublished, to support its argument: (i) Byler Management Co., LLC v. Bulletproof Enters., Inc., 20210 WL 2431823 (M.D.Pa June 14, 2010); (ii) Leonard Parness Trucking Corp. v. Omnipoint Commc'ns., Inc., 2013 WL 5436541 (D.N.J. Sept. 27, 2013);[2] and (iii) Florham Vill. LLC v. New Jersey CVS Pharmacy LLC, 2016 WL 3965203 (D.N.J. July 21, 2016). As an initial matter, unreported decisions, while precedential, are not binding upon the Court. In re

---

[2] Tenant provides only the Lexis citation for this case, while using Westlaw citations otherwise in its opposition brief. This fact, along with Tenant's superficial analysis of case law, suggests that Tenant did not actually review the cases in question, choosing instead to just cherry pick quotes.

Mays, 256 B.R. 555, 558–59 (Bankr. D.N.J. 2000) ("The local rules of the bankruptcy and district courts in New Jersey presently fail to address unpublished opinions. In the absence of any local rules prohibiting otherwise, attorneys may rely on unpublished opinions. Nevertheless, in the Third Circuit it is clear that a decision by a trial court judge is not binding on other judges within the same court. There is no such thing as 'the law of the district.' (*citations omitted*)). Thus, even if the cases cited supported Tenant's argument (which they do not), remand would be warranted should the Court decide that the L/T Court would be a better forum for resolution to this summary dispossess action.

Tenant places outsized influence on Florham Vill. LLC, which Tenant argues "considered the exact same issue" as this case. (ECF 10, at pp. 3-4.) Contrary to Tenant's conclusory assertion, the facts of that case stand in stark contrast to the case at bar. In Florham Vill. LLC, a landlord and tenant were embroiled in a litigation started in 2013 regarding the commencement date of a lease, that was tied to when a certificate of occupancy was issued, for which Landlord sought monetary damages amounting to three months' rent and attendant increases. Florham Vill. LLC, 2016 WL 38652003, at * 1. Two years into this litigation, the landlord commenced a summary dispossess proceeding based on non-payment of the same rent being sought in the initial litigation. Ibid. As the Florham Vill. LLC Court was able to suss out, the landlord commenced a second

action that "merely [sought] an alternative form of relief" from the action then pending in the Court for which discovery was complete.[3] Id., at * 3.

The Florham Vill. LLC citations quoted by Tenant cannot be divorced from the fact pattern before that Court. There, unlike here, it was clear from the record that, in late 2015, the Florham Vill. LLC landlord commenced the summary dispossess proceeding against its tenant as an end-run around the then pending action, which was over two years into litigation. Indeed, the Florham Vill. LLC Court noted that it was not so much as an independent action, but one where an "alternative form of relief" was being sought. Ibid. Moreover, when viewed in this light, the block quote cited by Tenant was not intended for summary dispossess actions in general, but the instant case before the Florham Vill. LLC Court. Nor does Tenant's conclusion—the Court merely needs to look at the amount of back rent at issue in a summary dispossess proceeding to ascertain the amount in controversy for diversity purposes—follow. In fact, Tenant's conclusion is expressly contradicted by another case upon which it relies.

---

[3] The Florham Vill. LLC Court noted that, other than the three months' rent in question, the tenant was current on all other rental payments and was otherwise in compliance with its leasehold obligations. Id., at fn. 2. In other words, the Florham Vill. LLC tenant gave every indication it wished to remain in its lease premises and the dispute was limited to three months' rent payment from over eight years prior. Needless to say, this is a far cry from the case at bar where Tenant has not complied with any of its Lease obligations (including providing the full security deposit) since taking possession of the Premises in December 2023.

{00136001 - 1}

To that end, the <u>Leonard Parness Trucking Corp.</u> Court held that, for summary dispossess proceedings, "<u>the appropriate measure [of the amount in dispute] is not the value of the lease payments</u>, because that is not what Plaintiff seeks in its Complaint. To the contrary, if Plaintiff prevails, it recovers no lease payments from Defendant". <u>Leonard Parness Trucking Corp.</u>, 2013 WL 5436541, at *6 (D.N.J. Sept. 27, 2013), *report and recommendation adopted*, 2013 WL 6002900 (D.N.J. Nov. 12, 2013) (emphasis supplied). To ascertain the measure of the amount in dispute in terms of lease payments, the <u>Leonard Parness Trucking Corp.</u> Court held that the Court must perform a two-fold analysis. First, it would need to be determined whether the landlord would re-lease the property if recaptured and, only if that could be answered in the affirmative "with certainty", whether those future rent payments would exceed the monetary threshold. <u>Id</u>., at * 7. The <u>Leonard Parness Trucking Corp.</u> Court granted the landlord's motion to remand because, among other things, the tenant made "no showing, or even suggestion, that Plaintiff intends to re-lease the property [and] there has been no demonstration that if Plaintiff succeeds in evicting Defendant, it recovers anything more than the property it already owns." <u>Id</u>., at * 6.

Under <u>Leonard Parness Trucking Corp.</u>'s holding, Tenant carries the burden to demonstrate Landlord intends to relet the subject premises "at a term and rate that would exceed $75,000" by a "preponderance-of-the-evidence standard"

sufficient to overcome the presumption against remand. Id., at * 8. Tenant offers nothing in its opposition suggesting that the subject premises will be relet to any prospective tenant on terms and rates that would exceed the monetary threshold. Nor does the record before the Court support a finding. Rather, "Landlord commenced this action solely for the purpose of recapturing possession of the Premises from Tenant."[4] (ECF 5-2, at ¶ 9. Emphasis supplied.)

The last case cited by Tenant, Byler Mgmt. Co., LLC v. Bulletproof Enterprises, Inc., 2010 WL 2431823 (M.D.Pa, June 14, 2010) requires the least analysis. Byler Mgmt. Co., LLC, like Leonard Parness Trucking Corp., resulted in a tenant being unsuccessful in removing a landlord tenant action. The specific issue in Byler Mgmt. Co., LLC was the tenant's contention that it improved the premises in question "in excess of $235,000", which the tenant argued should be considered value that would inure to the landlord if the tenant was evicted and was sufficient to meet the monetary threshold.[5] Id., at * 5. This argument was rejected by the Court as the tenant failed to submit any evidence that the subject property's value was actually increased and the matter was remanded. Ibid. Here, Tenant

---

[4] Landlord is affiliated with several warehouse/logistics companies through common ownership who would be able to utilize the Premises. Accordingly, there is a distinct possibility that the Premises will not be re-leased.

[5] Pennsylvania, unlike New Jersey, allows for landlords to recover money damages in landlord/tenant proceedings, but the amount sought fell below $75,000. Byler Mgmt. Co., LLC, 2010 WL 2431823, at * 4. As explained in the initial moving papers, Landlord cannot recover any monetary damages in this proceeding.

{00136001 - 1}

does not even allege to have increased the value of the subject premises or to have performed any improvements, much less provide evidence of these facts. As such, Byler Mgmt. Co., LLC does not support Tenant's argument.

Tenant carries the burden to demonstrate a preponderance of the evidence that removal is proper under 28 U.S.C. §1441, the sole basis cited in its notice of removal. Tenant fails to meet its burden and, as set forth *supra*, fails to provide the Court with any legal authority to support its argument. Indeed, the cases cited by Tenant support remanding this action back to the L/T Court.

## B.   At a minimum, Landlord Should be Awarded Fees and Costs for this Motion Practice

Tenant's sole reason that legal fees and costs should not be awarded was its misplaced reliance upon the unpublished Florham Vill. LLC decision, which, as explained *supra* was based upon specific factors non-existent in the case at bar and is otherwise inapplicable. The cases cited by Landlord in its initial moving papers, as well as the other two cases relied upon Tenant, uniformly support remanding this action. Despite Tenant's claim of having "ample case law permitting removal of eviction actions on diversity ground", Tenant, unsurprisingly, was unable to muster up any such case law on opposition, even after being afforded an additional two weeks to oppose this motion. (ECF 5-8, at p. 2.) Tenant's actions suggest, if not demonstrate, Tenant's whole goal has been to delay.

Indeed, beyond the frivolity of Tenant's removal, Tenant's defenses, or lack thereof, are worth examining. Here, Tenant's ostensible reason for not paying rent is a purported leaky roof.[6] (ECF 7, at p. 2.) After the Lease's commencement date, which was December 15, 2023, Tenant had the obligation to maintain the roof over the Premises. (*See* Reply Declaration of Jonathan A. Ozarow, Esq. (the "Reply Decl."), Ex. A; Ex. B. at ¶ 11.01.) Thus, even assuming, *arguendo*, there were issues with the roof as Tenant contends, maintenance obligations belonged to Tenant and could not serve as a defense to Tenant's rent paying obligations.[7] Tenant's intention to delay is further telegraphed by its demand for jury trial despite the fact that Tenant waived any right to jury in the Lease. (*Compare* ECF 7, at p. 4 *with* Reply Decl., Ex. B at ¶ 26.13.)

If Tenant has objectives beyond delay, it has yet to reveal them. For instance, Tenant could have moved to consolidate this action with the other action

---

[6] Landlord provided true and accurate photos of the subject premises in its initial moving papers by way of the Saadia Decl. (ECF 5-3; ECF 5-4.) Tenant, unsurprisingly, offers no evidence to rebut this photographic evidence that (i) Tenant is utilizing the entire premises and (ii) there is an absence of any purported leaks.

[7] Case law developed in summary dispossess proceedings in New Jersey permit commercial tenants to utilize this defense, which is commonly referred to as a Marini hearing, but requires that a Tenant deposit all rent at issue as a condition of obtaining any such hearing. Daoud v. Mohammad, 402 N.J. Super. 57, 59 (App. Div. 2008). If the tenant deposits all rent as required, a Marini hearing is scheduled on the next available return date to afford landlord the expedition and inexpensive means of regaining possession afforded by the Summary Dispossess Statute. Id., at 58. Tenant did not deposit any rent required to obtain a Marini hearing so its defense would be unavailable to avoid eviction.

pending before the Court. Tenant made no such motion despite ample opportunity afforded to Tenant due to the automatic extension granted by the Court. Of course, any attempt to consolidate would be futile. Case law developed under the Summary Dispossess Statute requires tenants who seek to remove a summary dispossess proceeding and consolidate with any other action to demonstrate that a dispute is complex such that discovery may be warranted. If, however, the dispute is straightforward, then removal is unwarranted. Ivy Hill Park Apartments v. GNB Parking Corp., 237 N.J. Super. 1, 3 (App. Div. 1989) ("The record demonstrates…that the defaults alleged were straightforward and simple, calling for straightforward and simple cure or factual response by way of denial or explanation. There were no legal or equitable issues of complexity, such as title disputes, constructive trusts, class actions, injunctions, or the like which would be prejudiced by the absence of formal discovery or incapable of resolution in the Special Part.")

Here, there is an absence of any complexities such as those enumerated above. Tenant's defense here is straightforward, though fails to provide a declaration or anything of substance in its opposition to suggest it is meritorious, even in part. And, even if Tenant's defense were cognizable (and Tenant were to deposit all potential rent as required by New Jersey law), Tenant does not require

any discovery to ascertain whether the roof above the subject premises (which the Lease requires Tenant to maintain) is leaking in any appreciable way.

Absent this meritless removal, this action would have been resolved by the L/T Court as it was scheduled for trial on June 5, 2024.  (*See* Reply Decl., Ex. C.) Tenant's actions are anathema to the purpose of Summary Dispossess Statute and have no basis in fact or law.  Tenant can and should account for these practices and, at a minimum, be ordered to pay Landlord its reasonable attorneys' fees and costs incurred in connection with this frivolous motion practice, together with whatever sanctions this Court deems appropriate.

## CONCLUSION

For all the foregoing reasons, as well as those set forth in Landlord's underlying motion papers, Landlord respectfully requests the Court grant the relief sought herein in the entirety.

Respectfully submitted,
**CLARK GULDIN**
*Attorneys for Plaintiff*
*1735 Jersey Ave LLC*

By:___/s Jonathan A. Ozarow_____
    Jonathan A. Ozarow, Esq.

Dated:  June 24, 2024

{00136001 - 1}