**CLARK GULDIN**
Attorneys At Law
20 Church Street
Montclair, New Jersey 07042
973.707.5346
*Attorneys for Plaintiff*
*1735 Jersey Ave LLC*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| 1735 JERSEY AVE LLC,<br><br>Plaintiff,<br><br>v.<br><br>LUXE LIVING DESIGN, LLC,<br><br>Defendants. | HON. MICHAEL A. SHIPP, U.S.D.J.,<br>HON. TONIANNE J. BONGIOVANNI, U.S.M.J.<br><br>CIVIL ACTION NO. 3:24-CV-06175 (MAS) (TJB)<br><br><u>Return Date</u>: July 1, 2024<br><br>**REPLY DECLARATION OF JONATHAN A. OZAROW, ESQ. IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR REMAND** |

I, Jonathan A. Ozarow, Esq., hereby certify under penalties of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a member of Clark Guldin Attorneys at Law, attorneys for Plaintiff, 1735 Jersey Ave LLC ("Landlord"). I submit this reply declaration based upon my personal knowledge and in support of Landlord's motion seeking to remand this action to the Superior Court of New Jersey, Middlesex County, Special Civil Part, Landlord/Tenant Division ("L/T Court").

{00136022 - 1}

2. A true and accurate copy of the written lease agreement (the "Lease") by and between Landlord, as landlord, and Defendant, Luxe Living Design, LLC ("Tenant"), as tenant, is attached hereto as **Exhibit A**.

3. Article 2.03 of the Lease afforded either Landlord or Tenant to select a "Commencement Date" within thirty days of December 1, 2023 by providing written notice to the other party. *See* Ex. A, at ¶ 2.03

4. By email, dated December 4, 2023, Landlord provided written notice to Tenant and its outside counsel that selected December 15, 2023 as the Lease's Commencement Date, and provided a draft commencement date memo evidencing same. By email, dated December 5, 2023, Tenant's counsel advised that this was "acceptable". True and accurate copies of this email correspondence are attached hereto as **Exhibit B**.

5. Tenant's principal, Chaim Treitel, was copied on this correspondence. *See* Ex. B.

6. While Tenant never returned an executed commencement date memo that it acknowledged as acceptable, neither Tenant nor its counsel ever objected to Landlord's notice of December 15, 2023 as the Lease's Commencement Date until well after it took possession of the subject premises.

7. As set forth in the Declaration of Joseph Saadia submitted in connection with Landlord's initial moving papers, Tenant took possession of the subject premises on December 15, 2023. (ECF 5-2, at ¶ 2.)

8. Landlord commenced this action in L/T Court due to Tenant's material breach of its Lease obligations.

9. This matter was originally scheduled for trial on June 5, 2024. A true and accurate notification from the Court of the trial date is attached hereto as **Exhibit C**.

10. The action was subsequently cancelled when Tenant sought to remove this action to this Court.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 24, 2024

                                              Jonathan A. Ozarow, Esq.