**CLARK GULDIN**
Attorneys At Law
20 Church Street
Montclair, New Jersey 07042
973.707.5346
*Attorneys for Plaintiff*
*1735 Jersey Ave LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| 1735 JERSEY AVE LLC,<br><br>Plaintiff,<br>v.<br><br>LUXE LIVING DESIGN, LLC,<br><br>Defendant. | HON. MICHAEL A. SHIPP, U.S.D.J.,<br>HON. JUSTIN T. QUINN, U.S.M.J.<br><br>CIVIL ACTION NO. 3:24-CV-06175 (MAS) (JTQ)<br><br>DECLARATION OF JONATHAN A. OZAROW, ESQ. |

I, Jonathan A. Ozarow, Esq., hereby certify under penalties of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a member of Clark Guldin Attorneys at Law, attorneys for Plaintiff, 1735 Jersey Ave LLC ("Landlord"). I submit this declaration based upon my personal knowledge and in opposition to the Order to Show Cause filed by Defendant, Luxe Living Design, LLC ("Tenant").

2. A true and accurate copy of a letter, dated October 29, 2024, sent to Tenant's counsel is attached hereto as **Exhibit A**.

3. After sending the foregoing letter, Tenant's principal, Chaim Treitel, inadvertently disclosed that Tenant failed to procure all insurance required under the

express terms of the parties' lease agreement.[1]  True and accurate copies of correspondence between counsel regarding this inadvertent disclosure are attached hereto as **Exhibit B**.[2]

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  November 13, 2024                             _____
                                                                              Jonathan A. Ozarow

---

[1] I began reading this email correspondence as I did not immediately recognize the sender as being the Tenant's principal.  I promptly ceased reading Mr. Treitel's email when I became aware that it was inadvertently sent and otherwise complied with RPC 4.4(b).

[2] As this Court is aware, Tenant's counsel has a history of offering false statements to Courts, which conduct resulted in a New Jersey State Court denying him *pro hac vice* admission and holding him in contempt.  (ECF 5-9.)  Due to this and other factors, I felt it prudent to remind Tenant's counsel as to ramifications for offering false statements to the Court.