

jozarow@clarkguldin.com
Reply to: MONTCLAIR
Direct Dial: 973-604-3200

December 20, 2024

**VIA PACER**

Honorable Justin T. Quinn, U.S.M.J.
United States District Court
 for the District of New Jersey
402 East State Street
Trenton, NJ  08608

      Re:      *1735 Jersey Ave LLC v. Luxe Living Design, LLC, et al.*
                    **Case No. 3:24-cv-06168-MAS-JTQ**

                    *1735 Jersey Ave LLC v. Luxe Living Design, LLC*
                    **Civil Action No. 3:24-cv-06175-MAS-JTQ**

Dear Magistrate Judge Quinn:

As you are aware, this firm represents Plaintiff, 1735 Jersey Ave LLC ("Landlord"), in the above-referenced actions. I write further to Your Honor's December 18, 2024 Order (the "Order").[1] At approximately 6:08 pm on December 18, 2024 I advised Defendants' counsel via email that Landlord's roofer would be at the premises the following day, and that an inspection of the roof for purported leaks could be performed at approximately 3:00 pm the next day. On December 19, 2024, at approximately 12:24 pm, Defendants' counsel acknowledged receipt of my email and advised that his client would be present during the inspection on December 19, 2024.[2]

On December 19, 2024, Landlord's roofer was at the subject premises. I am advised that the project manager met with Defendants' representative, Shax (last name unknown), at approximately 3:00 pm the next day. Shax showed the project manager the location of the purported leaks, after which Landlord's roofer probed the roof to locate the cause of the purported leaks. The probe did not reveal any leaks in the roof. It is believed that

---

[1] This Order is Document 50 in the "6168" action and Document 54 in the "6175" action.
[2] I also understand that Defendants have been in direct contact with Landlord's roofer for some time, and Landlord's roofer has endeavored to respond to any complaints by Defendants when made and in a timely fashion.

Honorable Justin T. Quinn, U.S.M.J.
December 20, 2024
Page 2

the leaks, if any, come from a skylight, repairs for which are not Landlord's responsibility under the parties' written lease. Landlord's roofer is returning on December 20, 2024 to probe the roof a second time to confirm its prior findings.

Thank you for your attention to this matter.

Respectfully submitted,

Jonathan A. Ozarow