

**CLARK GULDIN**
ATTORNEYS AT LAW

jozarow@clarkguldin.com
*Reply to:  MONTCLAIR*
*Direct Dial:  973-604-3200*

January 2, 2025

**VIA PACER**

Honorable Justin T. Quinn, U.S.M.J.
United States District Court
 for the District of New Jersey
402 East State Street
Trenton, NJ  08608

> Re:     *1735 Jersey Ave LLC v. Luxe Living Design, LLC, et al.*
>           **Case No. 3:24-cv-06168-MAS-JTQ**
>
>           *1735 Jersey Ave LLC v. Luxe Living Design, LLC*
>           **Civil Action No. 3:24-cv-06175-MAS-JTQ**

Dear Magistrate Judge Quinn:

As you are aware, this firm represents Plaintiff, 1735 Jersey Ave LLC ("Landlord"), in the above-referenced actions.  I write further to Your Honor's December 18, 2024 Order (the "Order")[1] directing the parties to "continue to discuss the rent issue" and apprise the Court as to whether the issue was resolved.  Unfortunately, the issue remains unresolved.  On Monday, December 23, 2024, I emailed Defendants' counsel to ask them for time to discuss. After initially scheduling a discussion on December 27, 2024 (which was the first available time proposed by Defendants), Defendants' counsel cancelled on December 26, 2024 because he was under the weather.   In turn, I emailed Defendants' counsel Landlord's position (detailed below) and asked for comments and/or availability to discuss.  After not receiving a response  for several days,  I followed up on December 31, 2024.  I received a response at approximately 4:10 pm from Defendants' counsel. Counsel for the parties discussed their respective positions at approximately 6:30pm on December 31, 2024, but did not reach any consensus.  I asked Defendants to provide their position by 10:00 am on January 2, 2025, but did not receive any response.

As Your Honor is aware, the parties disagree as to when the written lease (the "Lease") commenced, with Landlord contending that the Lease commenced on December 15, 2023,

---

[1] This Order is Document 50 in the "6168" action and Document 54 in the "6175" action.

Honorable Justin T. Quinn, U.S.M.J.
January 2, 2025
Page 2


while Defendants contend the Lease commenced in March 2024. Article 3.01(b) of the Lease provides that "Base Rent shall increase on the yearly anniversary of the Commencement Date by Four Percent (4%)". As a compromise, Landlord offered to continue to accept the initial Base Rent for January and February 2025 provided Tenant escrow the delta between the initial Base Rent and the increased Base Rent. Defendants, in turn, sought to pay the Initial Base Rent through March 2025 and pay the increased Base Rent starting in April 2025. Defendants initially advised that they would not be willing to escrow the difference in rent. Defendants' counsel later advised that he "may be able to convince [his] client to put the delta for months January/February/March in escrow, pending the litigation…but that would have to come with some concession from [Landlord]". Given that the Court has ordered Defendants to pay "full rent" (as well as Your Honor's comments during the last conference), Landlord believes no concessions are necessary beyond agreeing to allow Defendants to escrow the delta in the Base Rent during the remaining two months in dispute as to the Lease commencement issue.

Landlord and Defendants also discussed the issue of maintaining the bond posted by Defendants as Defendants' counsel previously raised this issue during the parties' last conference. Landlord advised that it would be willing to stipulate to have the bond vacated provided Defendants deposit the "Additional Security Deposit" required by the Lease.[2] Defendants have taken the position that they will not post the Additional Security Deposit "while this matter is still ongoing". Nevertheless, Defendants demand that the bond be vacated because, in Defendants' view, "the bond was put in place to ensure monthly rent payments, and that is moot now." Landlord disputes both of these contentions. As the parties will not reach accord on this issue, Landlord asks that the bond remain in place unless and until Defendants make a motion to have the bond vacated.

Although the parties have not yet reached an agreement on the rent issue, Landlord believes that the parties should be able to come to an agreement in short order. Indeed, the two sticking points are (i) Defendants' refusal to escrow the delta (which is

---

[2] Article 6.01 of the Lease mandates that Defendants post the Additional Security Deposit of $300,000 "no later than two (2) months after the Commencement Date, time being of the essence and no default *de minimis*". Article 6.01 of the Lease further provides that the failure to timely post the Additional Security Deposit "shall constitute an uncurable default and Landlord shall be entitled to immediately exercise any and all remedies consistent with an Event of Default."

Honorable Justin T. Quinn, U.S.M.J.
January 2, 2025
Page 3


approximately $9,000 per month) and (ii) what month Defendants will commence paying the increased Base Rent to Landlord.  Landlord respectfully requests that the Court provide the parties until 5:00 pm on January 3, 2025 to try and resolve this dispute amongst themselves.  Although it should not be necessary, Landlord also requests that the Court order that all discussions take place either by telephone or remote conferencing to avoid unnecessary back and forth via email, which has not been productive.

Thank you for your attention to this matter.

Respectfully submitted,

Jonathan A. Ozarow