UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PPREF/TP NORTH BRUNSWICK INDUSTRIAL LLC, as assignee of 1735 JERSEY AVE LLC,<br><br>Plaintiff,<br><br>v.<br><br>LUXE LIVING DESIGN, LLC,<br><br>Defendant. | Civil Action No.: 3:24-cv-06175-MAS-JTQ |
| 1735 JERSEY AVE LLC, and PPREF/TP NORTH BRUNSWICK INDUSTRIAL LLC, as assignee of 1735 JERSEY AVE LLC<br><br>Plaintiffs,<br><br>v.<br><br>LUXE LIVING DESIGN, LLC and CHAIM S. TREITEL,<br><br>Defendants | Civil Action No.: 3:24-cv-06168-MAS-JTQ |

**AMENDED PRETRIAL SCHEDULING ORDER**

**THIS MATTER** having been brought by Plaintiff PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC, by and through its counsel, Fox Rothschild LLP; Plaintiff 1735 Jersey Ave LLC, by and through its counsel, Clark Guldin; and Defendants Luxe Living Design, LLC and Chaim S. Treitel, by and through their counsel, Twersky PLLC; for an amended pretrial scheduling order; and for good cause shown

**IT IS** on this ___27th___ day of ___August___, 2025, **ORDERED** as follows:

1

**I.   DISCLOSURES**

1. The initial disclosures required by Fed. R. Civ. P. 26 must be served, amended, and/or supplemented **by August 19, 2025.**

2. If appropriate, Counsel must conduct the e-discovery conference required by Fed. R. Civ. P. 26(f) and L. Civ. R. 26.1 (d) **no later than August 26, 2025.**

**II.   DISCOVERY CONFIDENTIALITY ORDERS**

3. Any proposed confidentiality order agreed to by the parties must comply with Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3. Any such order must be clearly designated **"Discovery Confidentiality Order."** *Id.*

**III.   DISCOVERY**

4. All parties must conduct discovery expeditiously and diligently. In addition, all discovery conducted must be proportional to the needs of the case considering the factors set forth in Fed. R. Civ. P. 26(b)(1).

5. 1735 Jersey Ave LLC and Luxe Living Design, LLC's responses to the discovery previously exchanged must be served **by September 9, 2025.**

6. All parties may serve supplement discovery requests **by September 23, 2025**.

7. In accordance with Fed. R. Civ. P. 33, the parties may <u>serve **twenty-five (25) single interrogatories (including all sub-parts)**</u>. In accordance with Fed. R. Civ. P. 30, the parties are limited to **<u>10 depositions</u>** per side.

8. No objections to questions posed at depositions shall be made other than as to form or privilege. *See* Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

9. Any motion to amend the pleadings or to join new parties, whether by amended pleading or third party complaint, must be filed **by October 15, 2025.**

10. All fact discovery, including any third-party depositions, are to be completed **by December 1, 2025.** No fact discovery is to be issued or conducted after this date.

11. Any party intending to file a dispositive motion must first seek leave of the Court by way of a letter application. All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b) and 78.1.

12. Dispositive motions, if any, shall be filed **by March 30, 2026**.

13. Counsel must meet and confer in a good faith effort to resolve any discovery or case management dispute before bringing such dispute to the attention of the Court. *See* L. Civ. R. 16.1(f)(1). Any unresolved disputes must be brought to the Court's attention promptly, in compliance with paragraph 6 of Magistrate Judge Quinn's Case Management Order, which is available on the District Court's Website. (*See* JTQPreferencesCaseManagementOrder.pdf (uscourts.gov)).

14. No motion, including discovery motions, shall be made without prior leave of Court.

### IV. EXPERTS

15. All affirmative expert disclosures and reports (liability and damages) must be served **December 30, 2025.** All such reports must be in the form and content required by Fed. R. Civ. P. 26(a)(2)(B).

16. All responding expert disclosures and reports must be served **by January 30, 2026.** All such reports shall be in the form and content as described above.

17. All expert depositions are to be concluded **by February 27, 2026.**

18. No expert shall testify at trial as to any opinions or base those opinions on fact not substantially disclosed in his or her report.

## V. FUTURE CONFERENCES

19. The Court will conduct a telephone status conference **on** <u>11/3/2025 at 3:00pm</u>; Counsel for Plaintiff is directed to initiate the call to (609) 989-2144. The parties are directed to submit a joint status letter three (3) days prior to the conference.

20. Counsel must confer at least 48 hours in advance of each Court appearance to confirm attendance and to review any matters to be discussed with the Court.

21. The Court may from time-to-time schedule conferences as may be required, either *sua sponte* or at the request of a party. Failure to appear at such conferences, or to comply with the terms of this or any Court Order, may result in the imposition of sanctions.

22. Counsel should be prepared to discuss settlement at every conference with the Court. Lead trial counsel and client(s) with full settlement authority are required to appear at any settlement conference conducted by the Court. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision regarding settlement will be the person available for the conference.

23. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of the Court, even with consent of all counsel.

_____
HON. JUSTIN J. QUINN
United States Magistrate Judge

4