

September 25, 2025

<u>Via ECF</u>

Hon. Justin T. Quinn
U.S.M.J., District of New Jersey
402 E. State Street
Trenton, New Jersey 08609

          Re:    *1735 Jersey Ave LLC v. Luxe Living Design, LLC*
                Case No. 3:24-cv-06175 and Case No. 3:24-cv-06168

Dear Judge Quinn,

      I am an attorney with the law firm of Twersky PLLC, counsel for Defendant Luxe Living Design, LLC and Chaim Treitel ("Defendants") in the captioned matter. I respectfully submit this letter in accordance with Your Honor's directives given on the telephone conference held on August 26, 2025, which directed Defendants to file their Opposition to PPREF/TP North Brunswick Industrial LLC's ("PPREF") letter "explaining the type of motion [it] seeks to file and the basis for the motion." *See* Text Order, D.E. 79; D.E. 76.

      In the joint letter filed on September 10, 2025 ("Joint Letter"), PPREF "requests leave to submit a motion to dismiss the eviction action . . . PPREF is not willing to dismiss the eviction action with prejudice, but rather, will only do so without prejudice." *See* Joint Letter, D.E. 81, p. 2; D.E. 78, p. 2. If PPREF files its potential motion, it will be opposed by Defendants, and for the following reasons, it must be denied. The eviction action cannot be dismissed without prejudice. In seeking to dismiss the eviction action without prejudice, and by refusing to dismiss it with prejudice, it is clear that PPREF is only attempting to harm and prejudice Defendants. In such a case, a motion to voluntarily dismiss without prejudice cannot be granted. Therefore, PPREF's proposed motion to dismiss without prejudice is futile must be denied. If the Court grants leave to PPREF to file its intended motion, Defendants will respond more comprehensively.

Hon. Justin T. Quinn, U.S.M.J.
September 25, 2025
Page 2

"Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may request a voluntary dismissal of his or her complaint, which district courts are empowered to grant 'on terms that the court considers proper.' " *Demelia v. Johnson & Johnson, Inc.*, 2024 WL 3850358, at *2 (D.N.J. Aug. 16, 2024); quoting Fed. R. Civ. P. 41(a)(2). "Whether to grant a Rule 41(a)(2) dismissal is within the sound discretion of the Court . . . **the guiding inquiry on a Rule 41(a) (2) motion is whether the defendant will be prejudiced by the dismissal**." *Demelia v. Johnson & Johnson, Inc.*, *supra*, 2024 WL 3850358, at *2 (emphasis added); *see also Carroll v. E One Inc.*, 893 F.3d 139, 146 (3d Cir. 2018) (stating that courts possess a "broad grant of discretion" in considering Rule 41(a)(2) motions). The Court must consider "the presence or extent of any prejudice to the defendant by the draconian measure of dismissing [a] plaintiff's complaint." *Ferguson v. Eakle*, 492 F.2d 26, 29 (3d Cir. 1974); *see also Estate of Ware*, 871 F.3d 273, 285-286 (3d Cir. 2017).

Here, PPREF's only motivation in attempting to dismiss the eviction action without prejudice is to harm and prejudice Defendants, which cannot be tolerated. If allowed to dismiss without prejudice, PPREF will almost certainly bring a new, second eviction action against Defendants, after Defendants have already expended time and money in defending and attempting to settle the eviction matter and the related matter. Accordingly, the Court cannot grant any motion to dismiss without prejudice. *See Ferguson v. Eakle*, *supra*, 492 F.2d at 29 (reversing the District Court's dismissal without prejudice, and reasoning that additional efforts and expenses in preparation for a new trial and discovery would significantly prejudice defendants); *see also Estate of Ware*, *supra*, 871 F.3d at 286 (where denial of motion for voluntary dismissal was affirmed, and the Circuit Court stated, "Were Boyer permitted to withdraw her claims without prejudice, UPenn would have faced the prospect of potentially relitigating, at some later date, claims it had put significant time and resources into defending and already litigated to

Hon. Justin T. Quinn, U.S.M.J.
September 25, 2025
Page 3

the summary-judgment stage"); *see also Pringle v. Johnson & Johnson, Inc.*, *supra*, 2024 WL 3850379, at *3 ("a dismissal of Plaintiff's claims without prejudice burdens Defendants with the likelihood that they will have to defend themselves and likely relitigate issues in a new forum").

Additionally, there are factors which courts must consider when deciding these motions, and "*[v]oluntary dismissal without prejudice, thus, is not a matter of right*." *Public Interest Research Group of New Jersey v. Stone*, 1992 WL 281122, at *2 (D.N.J. Sept. 21, 1992) (emphasis added); *see also Zagano v. Fordham University*, *supra*, 900 F.2d 12, 14 (2d Cir. 1990). "In deciding a voluntary dismissal motion under Rule 41(a)(2), courts in this district consider the following factors: "(1) the expense of a potential second litigation; (2) the effort and expense incurred by defendant in preparation for trial in the present case; (3) the extent to which the case has progressed; and (4) plaintiff's diligence in bringing the motion to voluntarily dismiss." *Demelia v. Johnson & Johnson, Inc.*, *supra*, 2024 WL 3850358, at *2; quoting *Shamrock Creek, LLC v. Borough of Paramus*, 2015 WL 3902307, at *2 (D.N.J. June 23, 2015).

In this case, PPREF does not meet the factors necessary for its motion for voluntary dismissal to be granted and therefore it must be denied. Regarding the first factor, a second litigation will be costly, as it will be a standalone action, and not connected to the related action like the current eviction matter. The second and third factors also weigh heavily in favor of Defendants, as the parties have been diligently litigating these actions for almost a year and a half. Defendants have spent significant time and resources in trying to negotiate and settle both matters with PPREF and its predecessor. The cases are heading towards summary judgement, and PPREF cannot now decide to dismiss without prejudice, in order to avoid the end of this case, and a negative decision on the merits. The fourth factor also weighs against PPREF, as PPREF was not diligent in stating its intent to bring this motion, as this case has been in litigation since May 2024. If it was not interested in pursuing the eviction case, it could

Hon. Justin T. Quinn, U.S.M.J.
September 25, 2025
Page 4

have brought a motion to dismiss much sooner. Accordingly, since all of the factors weigh in favor of

Defendants, any motion for voluntary dismissal without prejudice must be denied in its entity.

    Thank you in advance for Your Honor's consideration.

                                     Respectfully yours,

                                     Aaron Twersky, Esq.

cc:      All Counsel (via ECF)