

Mail: P. O. Box 5231, Princeton, NJ 08543-5231
212 Carnegie Center, Suite 400
Princeton, NJ 08540
Tel (609) 896-3600  Fax (609) 896-1469

www.foxrothschild.com

R. JAMES KRAVITZ
Direct No:  609.895.3316
Email: RKravitz@FoxRothschild.com
Certified by the Supreme Court of New Jersey as a Civil Trial Attorney

October 17, 2025

<u>**VIA ECF**</u>
Hon. Justin T. Quinn, U.S.M.J.
United States District Court District of New Jersey
402 E. State Street
Trenton, New Jersey 08609

**Re:** **PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC vs. Luxe Living Design, LLC**
<u>**Civil Action No.: 3:24-cv-06175-MAS-JTQ**</u>

**1735 Jersey Ave LLC and PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC vs. Luxe Living Design, LLC, et al.**
<u>**Civil Action No.: 3:24-cv-06168-MAS-JTQ**</u>

Dear Judge Quinn:

Pursuant to Your Honor's Text Orders, dated September 12, 2025, this joint letter is submitted by PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC ("PPREF"), 1735 Jersey Ave LLC ("1735 Jersey Ave"), and Defendants Luxe Living Design, LLC and Chaim S. Treitel ("Luxe Living").

1. **PPREF'S POSITION:**

On three separate occasions, this Court ordered Luxe Living to provide PPREF with its documents that supported its damages claims. *See generally* ECF Nos. 57, 61, 76, 79, 82 (requiring full compliance by September 26, 2025). To date, the Court's orders have not been complied with. Obtaining compliance by Luxe Living with the Court's orders has been like pulling teeth. After numerus demands made over months, Luxe Living finally provided what it claims are wire confirmations evidencing that it paid for use and occupancy of the Brooklyn warehouse used by what we believe Luxe Living is claiming to be an affiliate. These wire confirmations are relevant to Luxe Living's claim that it was required to stay in the Brooklyn warehouse due to the leaks in the New Jersey warehouse. However, the "affiliate" was bound by judicial stipulations in an

177466524.2



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
October 17, 2025
Page 2

eviction proceeding to remain in the Brooklyn warehouse for another five months, so the payments were due regardless of what happened with the New Jersey warehouse.[1]

Luxe Living has still not provided PPREF with documents pertaining to the damages it claims it sustained from the lockout, such as documents evidencing discounts to customers, and increases in overhead. Luxe Living has also not provided documents evidencing its alleged inability to use the New Jerey warehouse due to the leaks. We have also asked for Luxe Living's tax returns and financial statements, which are relevant to its claim that the leaks and lockout negatively impacted its operations, but none have been provided even though the lease obligates their production.

In terms of a discovery update, this case remains in its infancy. No depositions have been conducted, Luxe Living only recently issued discovery requests to PPREF (which are not yet due) and only limited partially responsive paper discovery has been exchanged between the original parties. PPREF has issued several subpoenas to the alleged Luxe Living affiliate that was under a use and occupancy stipulation in the Brooklyn warehouse after being evicted for breaching that lease, with responses due next week (which are in the process of being extended).

On September 9, 2025, Luxe Living responded to 1735 Jersey Ave's First Set of Request for the Production of Documents. In its responses, Luxe Living stated that "responsive documents will be forthcoming." To date, PPREF has not received any of Luxe Living's documents responsive to 1735 Jersey Ave's Document Requests.

As a result of Luxe Living's violation of a series of the Court's orders and its discovery obligations, PPREF should be awarded fees and costs.

On September 22, 2025, PPREF served Luxe Living with its First Set of Document Requests and Demand for Interrogatories. On September 10, 2025, PPREF filed its request to submit a motion to dismiss the eviction action without prejudice pursuant to Fed. R. Evid. 41(a). *See* ECF Nos. 78, 81. On September 25, 2025, Luxe Living filed an objection to PPREF's request. *See* ECF Nos. 80, 83.

Based on the above outstanding and pending discovery, PPREF does not believe it will be able to conduct a productive and meaningful settlement discussion until further discovery is

---

[1] On October 27, 2023, four sunny days after the New Jersey lease was signed, Luxe Living's affiliate executed an amended stipulation that extended its use and occupancy of its Brooklyn warehouse from December 31, 2023, through February 29, 2024 and later to March 31, 2024.

177466524.2



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
October 17, 2025
Page 3

conducted. In short, at the heart of the claim for lost rent is Luxe Living's claim that it was forced to remain in the Brooklyn warehouse due to the leaks even though another entity was in possession of the Brooklyn warehouse and was legally required to stay there for another five months after Luxe Living assumed possession of the New Jersey warehouse. We need to ascertain the nature of the relationship between Luxe Living and the entity in possession of the Brooklyn warehouse and obtain a coherent explanation for Luxe Living's incoherent damage claims before we can meaningfully discuss settlement.

Finally, we note that Luxe Living has still never provided the security deposit due under the lease. We understand that this issue has previously been raised, but given the fact that the roof has been water-tight for over a year, there is no excuse for this basic lease term not being fulfilled. We intend to address this seriously unfair problem with the Court.

2. **1735 JERSEY AVE'S POSITION:**

1735 Jersey Ave is in accord with PPREF's position and joins in the request to move forward with discovery.

3. **LUXE LIVING'S POSITION:**

Luxe Living is in full compliance with the Court's order regarding discovery, as well as PPREF's requests for documents. In fact, Luxe Living has given over many documents, on many occasions to PPREF. PPREF's claims that Luxe Living has not complied with the Court's orders and has not been cooperating with discovery is simply a red herring by PPREF, repeated over and over again in order to steer the Court away from the main issue in this case. PPREF is attempting to direct the court to focus solely on the damages from the lockout that took place in September 2024, *in an attempt to distract the Court from the real crux of this matter which are 1735 Jersey Ave's blatant misrepresentations to Luxe Living regarding the status of the roof of the premises*.

1735 Jersey Ave intentionally misrepresented to Luxe Living that the roof of the premises had no leaks and was completely fine, when in fact the roof had many holes and leaks which let water pour down into the premises. The Court knows this from the many videos and pictures submitted relating to settlement conferences conducted earlier on in the matter. These holes and leaks – totaling over 200 leaks at times – prevented Luxe Living from fully moving into the premises, and in turn required Luxe Living to occupy the Brooklyn warehouse for five *additional* months. Neither Luxe Living, nor ES Signature Event Rent LLC, which is what PPREF calls an "affiliate," were *required* or *"judicially" bound* to remain in the Brooklyn

177466524.2



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
October 17, 2025
Page 4

warehouse for those months; instead Luxe Living was forced to stipulate with its former landlord to remain in the Brooklyn warehouse *because it could not yet move into the premises due to the leaks in the roof of the premises*.  PPREF simply picks and chooses how to present certain "facts" to the Court, and is being deceitful and dishonest about what really happened.

    Luxe Living has cooperated and has given Plaintiff many documents.  In fact, Luxe Living sent Plaintiff's counsel a copy of the wire confirmation transaction numbers, on or about June 4, 2025, which show that Luxe Living paid rent for the Brooklyn warehouse for the additional months, as evident by the stipulations PPREF refers to.  Also on June 4, 2025, Luxe Living provided PPREF with spreadsheets and other documentation that they requested regarding damages that Luxe Living incurred due to the unauthorized lockout that Plaintiff executed from September 25, 2024 to September 28, 2024.  On June 5, 2025 and June 13, 2025, Luxe Living sent additional spreadsheets to PPREF with Luxe Living's damages calculation, showing the damages Luxe Living incurred due to 1735 Jersey Ave's misrepresentations and due to the leaks in the roof.  Furthermore, on September 8, 2025, Luxe Living sent PPREF copies of the actual wire confirmations for the payments made for the use and occupancy of the Brooklyn warehouse for the additional months of January through May 2024.  Additionally, Luxe Living's counsel has spent multiple hours on the phone with PPREF's counsel explaining, clarifying and discussing the spreadsheets and damages calculations that Luxe Living provided PPREF, as well as explaining the documents produced in support of the lockout calculation.

    Furthermore, Luxe Living has completely complied with discovery.  On September 9, 2025 Luxe Living responded to Plaintiff's First Set of Document Demands requests for the production of documents.  As part of ongoing discovery obligations, Luxe Living anticipates providing PPREF with further responsive discovery documents, including photographs and video clips that depict the horrific condition of the roof.  However, interestingly enough, PPREF and 1735 Jersey Ave have yet to respond to Luxe Living's Interrogatories or First Request for Production of Documents, both dated January 23, 2025.  On October 3, 2025, Luxe Living served PPREF with supplemental Interrogatories and supplemental Discovery Demands, which must be responded to by November 3, 2025.

    Luxe Living has tried in good faith to settle this matter, first with 1735 Jersey Ave, the original landlord, and now with PPREF, the current landlord.  Luxe Living has corresponded with PPREF's counsel multiple times over the phone in attempts to explain and answer any questions that PPREF's counsel has had regarding the documents that Luxe Living has provided and to try to come to a resolution.  But we remind the Court, the heart of this dispute is not solely relating to the lockout damages, as PPREF keeps highlighting, but rather relating to the intentional misrepresentations of the status, repairs and replacement of the roof of the building, and the lack thereof.



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
October 17, 2025
Page 5

Luxe Living remains hopeful that the parties can resolve the matter and encourages the Court to conduct further settlement conferences with the parties, as it did in the past. In the event the Court declines our request, we request that discovery continue so the primary claims can be adjudicated in due course.

**FOX ROTHSCHILD LLP**
*Attorneys for PPREF/TP North Brunswick Industrial LLC,*
*as assignee of 1735 Jersey Ave LLC*

By:     *s/ R. James Kravitz*
        R. James Kravitz, Esq.


**CLARK GULDIN ATTORNEYS AT LAW**
*Attorneys for 1735 Jersey Ave LLC*

By:     *s/ Jonathan Ozarow*
        Jonathan A. Ozarow, Esq.


**TWERSKY PLLC**
*Attorneys for Luxe Living Design, LLC*
*and Chaim S. Treitel*

By:     *s/ Aaron Twersky*
        Aaron Twersky, Esq.

177466524.2