

Mail: P. O. Box 5231, Princeton, NJ 08543-5231
212 Carnegie Center, Suite 400
Princeton, NJ 08540
Tel (609) 896-3600  Fax (609) 896-1469
www.foxrothschild.com

R. JAMES KRAVITZ
Direct No:  609.895.3316
Email: RKravitz@FoxRothschild.com
Certified by the Supreme Court of New Jersey as a Civil Trial Attorney

October 31, 2025

***VIA ECF***
Hon. Justin T. Quinn, U.S.M.J.
United States District Court District of New Jersey
402 E. State Street
Trenton, New Jersey 08609

**Re:    PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC**
       **vs. Luxe Living Design, LLC**
       **Civil Action No.: 3:24-cv-06175-MAS-JTQ**

       **1735 Jersey Ave LLC and PPREF/TP North Brunswick Industrial LLC, as assignee**
       **of 1735 Jersey Ave LLC vs. Luxe Living Design, LLC, et al.**
       <u>**Civil Action No.: 3:24-cv-06168-MAS-JTQ**</u>

Dear Judge Quinn:

Pursuant to the Amended Pretrial Scheduling Order, this joint letter is submitted by PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC ("PPREF"), 1735 Jersey Ave LLC ("1735 Jersey Ave"), and Defendants Luxe Living Design, LLC and Chaim S. Treitel ("Luxe Living") prior to the case management conference, which is scheduled for November 3, 2025.

**1.  PPREF'S POSITION:**

PPREF incorporates by reference its position in the Joint Status Letter, dated October 17, 2025. *See* ECF Nos. 84 and 87. Since the prior Joint Status Letter, Luxe Living has still not provided PPREF with certain categories of documents pertaining to the damages it claims it sustained from the lockout and from its lost profits/usage claims. Regarding paper discovery, PPREF served Luxe Living with Interrogatories and Request for the Production of Documents on September 22, 2025, and its responses were due on October 22, 2025.

Luxe Living produced limited paper discovery last night (October 30, 2025) at approximately 6:00 pm and responded to the PPREF's request for production. Upon initial review, the production consists of a small amount of documents and some videos, but does not include the outstanding damage documents.  Luxe Living provided responses to the interrogatories we served on its counsel, at 1:30 pm today, that consist primarily of objections and contain virtually no

178502886.1



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
October 31, 2025
Page 2

information. These responses probably took 20 minutes to prepare and appear designed to avoid being in total default at the time of this letter.

Luxe Living served PPREF with Interrogatories and Requests for Production of Documents on October 3, 2025, and PPREF will be responding to same next week. Luxe Living served PPREF with no other discovery. Luxe Living has continued to short its CAM payments and has not paid its security deposit.

Finally, on September 10, 2025, PPREF requested leave to submit a motion to dismiss the eviction action without prejudice pursuant to FRCP 41(a). As the court is aware, the Third Circuit has adopted a "liberal policy" in favor of dismissal under Rule 41(a)(2). *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990). The district court has discretion to dismiss an action without prejudice, and dismissal is allowed "unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Hoffman-La Roche Inc. v. Genpharm Inc.*, 50 F.Supp.2d 367 (D.N.J. 1999). Here, Defendant seeks to streamline the two pending actions and reduce legal fees. Defendant's claim that Plaintiff intends to reinstate the eviction complaint is not true. Paper discovery has just commenced and no depositions have been conducted, so there is no conceivable prejudice, but rather, Defendants will benefit from the partial dismissal and their objection amounts to an effort to be obstreperous.

PPREF would like to settle the case, but given Luxe Living's obstreperous conduct to date in failing to provide discovery, including court ordered discovery, failing to comply with its current rental obligations, failing to consent to a partial dismissal that is in its own best interest and its failure to respond to a settlement offer made months, ago, we believe that any conference would be unproductive.

## 2. 1735 JERSEY AVE'S POSITION:

1735 Jersey Ave remains interested in resolving this matter as expeditiously as practicable. Among other things, 1735 Jersey Ave wishes to file a motion for judgment on the pleadings as to several of Luxe Living's counterclaims as set forth in the prior joint status letters filed. 1735 Jersey Ave believes that this would streamline this litigation and/or make the situation more conducive to settlement. 1735 Jersey Ave is, for now, not being more aggressive with its litigation given comments made by Luxe Living's counsel at the last conference regarding potential settlement. 1735 Jersey Ave has not been a participant in these ongoing settlement discussions.

Luxe Living produced limited paper discovery on 10/30/25 at approximately 6:00 pm. Upon initial review, Luxe Living's production appears to be deficient in a number of aspects. 1735



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
October 31, 2025
Page 3

Jersey Ave will address these deficiencies with Luxe Living's counsel and attempt to resolve without the need for judicial intervention.

### 3. LUXE LIVING'S POSITION:

Luxe Living incorporates by reference its position in the Joint Status Letter, dated October 17, 2025. *See* ECF Nos. 84 and 87. On or about October 30, 2025, Luxe Living responded to PPREF's Request for the Production of Documents and produced an additional over 350 documents, text messages, WhatsApp chats, pictures and videos. Luxe Living's production included hundreds of videos and pictures, showing the condition of the roof of the warehouse prior to Luxe Living moving into it and during its tenancy. Videos show water leaking into the warehouse after every rain and the damage it caused to Luxe Living's items and the warehouse in general. Text and WhatsApp messages between the parties were also produced, showing Plaintiff's endless promises to Luxe Living that the roof would be fixed, which were false. Luxe Living has also responded to PPREF's Interrogatories.

Further, as previously stated, all documents in support of Luxe Living's claims related to Plaintiff's illegal lockout have been produced, including the rental of additional trucks and warehouse space needed and lost profits incurred due to the lockout. Also produced were the wire confirmations for the payments made for the use and occupancy of the Brooklyn warehouse for the additional months of January through May 2024. Though Luxe Living is in compliance with its discovery obligations, interestingly enough, PPREF and 1735 Jersey Ave have yet to respond to Luxe Living's Interrogatories or First Request for Production of Documents, both dated January 23, 2025.

If PPREF is allowed to make motion to dismiss the eviction action without prejudice pursuant to FRCP 41(a), Luxe Living will oppose it, and for the following reasons, it must be denied, as the eviction action cannot be dismissed without prejudice. "Whether to grant a Rule 41(a)(2) dismissal is within the sound discretion of the Court . . . *the guiding inquiry on a Rule 41(a) (2) motion is whether the defendant will be prejudiced by the dismissal*." *Demelia v. Johnson & Johnson, Inc.*, *supra*, 2024 WL 3850358, at *2 (emphasis added); *see also Carroll v. E One Inc.*, 893 F.3d 139, 146 (3d Cir. 2018). The Court must consider "the presence or extent of any prejudice to the defendant by the draconian measure of dismissing [a] plaintiff's complaint." *Ferguson v. Eakle*, 492 F.2d 26, 29 (3d Cir. 1974); *see also Estate of Ware*, 871 F.3d 273, 285-286 (3d Cir. 2017). Here, Luxe Living would most definitely be prejudiced if the eviction action is dismissed without prejudice, as PPREF will almost certainly bring a new, second eviction action against Defendants, after Defendants have already expended time and



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
October 31, 2025
Page 4

money in defending and attempting to settle the eviction matter and the related matter. Accordingly, the Court cannot grant any motion to dismiss without prejudice.

Additionally, there are factors which courts must consider when deciding these motions, and "***[v]oluntary dismissal without prejudice, thus, is not a matter of right***." *Public Interest Research Group of New Jersey v. Stone*, 1992 WL 281122, at *2 (D.N.J. Sept. 21, 1992) (emphasis added); *see also Zagano v. Fordham University*, *supra*, 900 F.2d 12, 14 (2d Cir. 1990). "In deciding a voluntary dismissal motion under Rule 41(a)(2), courts in this district consider the following factors: "(1) the expense of a potential second litigation; (2) the effort and expense incurred by defendant in preparation for trial in the present case; (3) the extent to which the case has progressed; and (4) plaintiff's diligence in bringing the motion to voluntarily dismiss." *Demelia v. Johnson & Johnson, Inc.*, *supra*, 2024 WL 3850358, at *2; quoting *Shamrock Creek, LLC v. Borough of Paramus*, 2015 WL 3902307, at *2 (D.N.J. June 23, 2015). In this case, PPREF does not meet the factors necessary for its motion for voluntary dismissal to be granted and therefore it must be denied. Luxe Living incorporates by reference the arguments made in its Letter dated September 25, 2025 as well *See* ECF Nos. 80 and 83.

Luxe Living will also oppose any motion for judgment on the pleadings brought by 1735 Jersey Ave. Defendants filed four counterclaims against 1735 Jersey Ave: breach of contract, breach of implied warranty of quiet enjoyment, fraud in the inducement and violation of the New Jersey Consumer Fraud Act ("CFA"). *See* Answer and Counterclaims, No. 9. 1735 Jersey Ave originally stated it wanted to make a motion to dismiss only the violation of the CFA. However, this claim was properly asserted, as were all of the counterclaims. Luxe Living incorporates by reference the arguments made in its Letter dated September 25, 2025 as well *See* ECF Nos. 81 and 84, and will more compressively oppose any motion brought by 1735 Jersey Ave.

Luxe Living has tried in good faith to settle this matter, first with 1735 Jersey Ave, the original landlord, and now with PPREF, the current landlord. Luxe Living has corresponded with PPREF's counsel multiple times over the phone in attempts to explain and answer any questions that PPREF's counsel has had regarding the documents that Luxe Living has provided and to try to come to a resolution. But we remind the Court, the heart of this dispute is not solely relating to the lockout damages, as PPREF keeps highlighting, but rather relating to the intentional misrepresentations of the status, repairs and replacement of the roof of the building, and the lack thereof.

Luxe Living remains hopeful that the parties can resolve the matter and encourages the Court to conduct further settlement conferences with the parties, as it did in the past. In the event



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
October 31, 2025
Page 5

the Court declines our request, we request that discovery continue so the primary claims can be adjudicated in due course.

**FOX ROTHSCHILD LLP**
*Attorneys for PPREF/TP North Brunswick Industrial LLC,*
*as assignee of 1735 Jersey Ave LLC*

By:     *s/R. James Kravitz*
         R. James Kravitz, Esq.

**CLARK GULDIN ATTORNEYS AT LAW**
*Attorneys for 1735 Jersey Ave LLC*

By:     *s/ Jonathan a. Ozarow*
         Jonathan A. Ozarow, Esq.

**TWERSKY PLLC**
*Attorneys for Luxe Living Design, LLC*
*and Chaim S. Treitel*

By:     *s/ Aaron Twersky*
         Aaron Twersky, Esq.