

Mail: P. O. Box 5231, Princeton, NJ 08543-5231
212 Carnegie Center, Suite 400
Princeton, NJ 08540
Tel (609) 896-3600  Fax (609) 896-1469
www.foxrothschild.com

R. JAMES KRAVITZ
Direct No:  609.895.3316
Email: RKravitz@FoxRothschild.com
Certified by the Supreme Court of New Jersey as a Civil Trial Attorney

December 18, 2025

*VIA ECF*
Hon. Justin T. Quinn, U.S.M.J.
United States District Court District of New Jersey
402 E. State Street
Trenton, New Jersey 08609

**Re:    PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC
vs. Luxe Living Design, LLC
Civil Action No.: 3:24-cv-06175-MAS-JTQ**

**1735 Jersey Ave LLC and PPREF/TP North Brunswick Industrial LLC, as assignee
of 1735 Jersey Ave LLC vs. Luxe Living Design, LLC, et al.
Civil Action No.: 3:24-cv-06168-MAS-JTQ**

Dear Judge Quinn:

Pursuant to Local Civil Rule 37.1 and Your Honor's Case Management Order, Plaintiff

PPREF/TP North Brunswick Industrial LLC ("PPREF") respectfully requests a conference to

discuss Defendants Luxe Living Design, LLC ("Luxe Living") and Chaim Treitel (collectively

"Defendants") ongoing discovery deficiencies and failure to comply with this Court's Orders.

PPREF also respectfully renews its request for leave to file a motion to dismiss the eviction

action without prejudice pursuant to Fed. R. Civ. 41(a), which the Court has not yet decided. See

ECF Nos. 78 and 81.

**DEFENDANTS' PAPER DISCOVERY DEFICIENCIES**

On November 3, 2025, the parties appeared before the Court for a joint status conference.

After the conference, the Court issued the following Text Order:

180216832.1



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
December 18, 2025
Page 2

> By November 10, 2025, Plaintiff PPREF shall identify in writing all damage documents that Luxe has not produced. Luxe then shall have 14 days to either (1) produce those documents, (2) state that the requested documents are not in Luxe's possession, custody, or control, (3) state that they do not exist, or (4) explain that the requested documents do not exist and will be the subject of deposition testimony. The Court defers extending the current discovery deadlines. **The Parties shall work diligently to complete all paper discovery by December 1, 2025**.

<u>See</u> ECF Nos. 86 and 89 (emphasis added).

On November 4, 2025, PPREF sent a letter to Defendants that outlined their numerous discovery and document deficiencies. <u>See</u> Exhibit 1. PPREF also requested a meet and confer to discuss these deficiencies. <u>Id.</u> On November 5, 2025, PPREF requested that Defendants provide a certification regarding the existence or nonexistence of certain documents. <u>See</u> Exhibit 2.

Defendants did not respond to PPREF's meet and confer request. On November 18, 2025, PPREF again requested to meet and confer regarding Defendants' discovery deficiencies. <u>See</u> Exhibit 3. On November 19, 2025, PPREF requested Defendants to respond to the November 4 letter. <u>See</u> Exhibit 4. Pursuant to the Court's Text Orders (ECF Nos. 86 and 89), Defendants response to PPREF's letter was due on November 18, 2025. <u>Id.</u>

On November 20, 2025, PPREF and Defendants met and conferred, and discussed Defendants' outstanding discovery and the issues outlined in PPREF's November 4 and 5 letters. Defendants informed PPREF that they would be supplementing their discovery responses and producing documents. Defendants also informed PPREF that they would provide dates for their representatives' depositions.



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
December 18, 2025
Page 3

On November 24, 2025, six days after their response deadline, Defendants filed a request for additional time to respond to PPREF's letters. <u>See</u> ECF Nos. 87 and 90. The Court granted Defendants' request and ordered that Defendants had until December 5, 2025 to respond to PPREF's letter. <u>See</u> ECF Nos. 88 and 91.

On December 5, 2025, Defendants served their supplemental responses to PPREF's First Request for the Production of Documents and Interrogatories. <u>See</u> Exhibits 5-6.

Defendants' discovery responses are still deficient for the foregoing reasons:

1.    **Interrogatories:**

**Interrogatory No. 11**: If Luxe Living claims that it sustained increased overhead as a result of the alleged lockout, describe with specificity how it made such calculations of increased overhead.

**Answer**: Defendants object to this Interrogatory to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Nevertheless, subject to and without waiving the General Objections set forth above, documents responsive to this request have been produced.

**Supplemental Answer:** Due to the lockout, Luxe Living sustained increased overhead related to additional warehouse space for storage of furniture and other items and increased truck rentals for delivery of furniture and other items. Additionally, Luxe's payments for workers increased. Usually, 35% of Luxe's weekly gross revenue goes to pay workers. However, during the week of the lockout, approximately 45% of Luxe's weekly gross revenue went to pay workers, due to increased staffing for extra hours worked including overnight hours.

With respect to Interrogatory No. 11, none of the documents in Defendants' production are responsive to this Interrogatory. <u>See</u> Exhibit 6 (Request No. 1 seeks all documents referred to in



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
December 18, 2025
Page 4

responses to interrogatories, which Defendants claim all responsive documents are attached and

Request No. 9). The documentation that would support or contradict this calculation would be

Defendants' financial documents, such as its general ledger and financial statements, which they

have not produced. Financial statements and payroll reports are particularly needed as Defendants

attribute the increased overhead to payroll and have not provided the methodology of how they

calculated their purported overhead costs.

Moreover, none of Defendants' responses to Interrogatories contain citations to the bates-

number of their production. *See In re G-I Holdings Inc.*, 218 F.R.D. 428, 438 (D.N.J. 2003)

(providing that the responding party has a duty to specify, by category and location the records

from which he knows the answers can be found) (citing Fed. R. Civ. P. 33(d)).

**2.    Document Requests:**

**Request No. 6**: Documents and Communications that support or contradict Your damage claims, including but not limited to back up for those damages, receipts, checks, wire transfer confirmations, invoices, payments, bills, and other documents.

**Response**: Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents are attached.

**Supplemental Response**: Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents are attached.

With respect to Request No. 6, Defendants have not produced all documents that support their

purported damages claims. In the November 5 letter, PPREF requested Defendant's tax returns



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
December 18, 2025
Page 5

and financial statements from 2023 to the present, accounting ledgers, and records concerning

overhead expenses. See Exhibit 2. These documents are directly relevant to Defendants' claim that

they sustained losses from the alleged lockout and leaks in the roof. Further, if Defendants'

finances show that their revenue did not decrease then that would evidence that Defendants were

not harmed.

> **Request No. 9**: Documents and Communications concerning the alleged overtime You paid Your employees as a result of the lockout.
>
> > **Response**: Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents, if they exist, will be forthcoming.
> >
> > **Supplemental Response**: Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents have been produced. Defendants are not in possession of any further documents responsive to this Demand and Plaintiff may ask this at a deposition in this matter.

With respect to Request No. 9, Defendants have not produced any documents pertaining to wages

and payroll, let alone documents evidencing that wages increased as a result of the lockout or leaks.

Defendants have not produced any payroll records or financial documents that show any overtime

they purportedly paid their workers. These documents are responsive and relevant to Defendants'

damages.

> **Request No. 15**: Luxe Living's bank statements from December 2023 through May 2024.



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
December 18, 2025
Page 6

**Response**: Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome. Defendants further object to this Demand to the extent it seeks documents that contain information that is recognized as confidential by law and/or would be deemed an unwarranted invasion of Defendants' privacy.

**Supplemental Response**: Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome. Defendants further object to this Demand to the extent it seeks documents that contain information that is recognized as confidential by law and/or would be deemed an unwarranted invasion of Defendants' privacy.

With respect to Request No. 15, while Defendants produced some alleged wire transfers confirmations, they did not produce any bank statements. Defendants claim that they had to pay rent at the Brooklyn Warehouse, which was occupied by ES Signature (Defendants' other entity) during the purported lockout. Defendants have produced no document evidencing that they had any connection to the Brooklyn Warehouse, let alone obligations to pay rent. Defendants' bank statements may show that Defendants were reimbursed by ES Signature for these payments, which would establish that Defendants did not sustain damages.

Defendants' financial documents, tax returns, and bank statements are relevant to Defendants' damages claims (such as increased overhead, lost profits due to increased discounts to customers and increased transportation costs, increased costs associated with the leaks, etc.) and should be produced. Therefore, there is good cause for the production of these financial documents. *See Thomas & Betts v. Richards Mfg. Co.*, Civ. No. 01-4677 (SRC)(MAS), 2010 WL 2400151



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
December 18, 2025
Page 7

(D.N.J June 10, 2010) (granting the plaintiff's motion to compel the production of the defendant's

financial information related to sales because it was relevant to the defendant's damages claims).

> **Request No. 10**: Documents and Communications between You and the landlord for the Brooklyn Warehouse, including Documents and Communications regarding rent and/or use and occupancy payments You made from January 2022 to the present.

> **Response**: Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents are attached.

> **Supplemental Response**: Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents are attached.

Request 10 seeks documents and communications between Defendants and the Landlord of the

Brooklyn Warehouse regarding the rent and use of the Brooklyn Warehouse. Defendants claim

that they had to pay additional rent toward the Brooklyn Warehouse due to the purported lockout

and water damage, however, no documents or communications have been produced with the

Brooklyn Landlord or, for that matter, evidencing an obligation to pay the Brooklyn warehouse

occupancy costs.

## DEFENDANTS' DEPOSITIONS

Finally, on multiple occasions, PPREF requested dates for the depositions of Luxe Living's

representatives: Chaim Treitel, Sherzod Turdiev, and the corporate 30(b)(6) representative.

Despite PPREF's numerous attempts to schedule these depositions, Defendants have not

responded or provided any dates.

Fox
Rothschild

Hon. Justin T. Quinn, U.S.M.J.
United States District Court
December 18, 2025
Page 8

On November 17, 2025, PPREF served Defendants with the deposition notices of Chaim

Treitel, Sherzod Turdiev, and the 30(b)(6) representative. See Exhibit 7. Defendants stated that

they were unavailable on the dates noticed. On November 21, November 25, and December 2, and

December 12, 2025, PPREF requested dates for depositions. See Exhibits 8-11. To date,

Defendants have stonewalled and not provided deposition dates, despite Defendants' counsel's

promise to do so at the meet and confer.

Accordingly, PPREF respectfully requests a conference with the Court to address

Defendants' obstreperous conduct and willful refusal to comply with this Court's orders and their

discovery obligations. PPREF met and conferred with Defendants regarding their outstanding

discovery and requested deposition dates on multiple occasions, and Defendants have not

responded or produced the requested documents. PPREF also reserves the right to seek Rule 37

sanctions against Defendants for their continued failure to comply with this Court's discovery

orders.[1]

---

[1]    Defendants did not comply with the Court's Text Orders (ECF Nos. 86 and 89), as they failed to respond to PPREF's letter regarding discovery deficiencies within fourteen days, and they did not work diligently to comply with paper discovery by December 1, 2025. Defendants further did not comply with the Court's Text Orders (ECF Nos. 57 and 61), which required Defendants to provide all supporting damage documentation by February 28, 2025. See also ECF No. 78 and 81. The Court again ordered Defendants to comply with its initial order and produce all supporting damages documentation by September 26, 2025 (ECF Nos. 79 and 82), which Defendants did not comply.



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
December 18, 2025
Page 9


Respectfully Submitted,

_s/ R. James Kravitz_

R. James Kravitz, Esq.


Encls.

cc:    All Parties of Record (*via ECF*)