**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PPREF/TP NORTH BRUNSWICK INDUSTRIAL LLC, as assignee of 1735 JERSEY AVE LLC,<br><br>Plaintiff,<br><br>v.<br><br>LUXE LIVING DESIGN, LLC,<br><br>Defendant. | Civil Action No.: 3:24-cv-06175-MAS-JTQ |

**PLAINTIFF PPREF/TP NORTH BRUNSWICK INDUSTRIAL LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR VOLUNTARY DISMISSAL**

**FOX ROTHSCHILD LLP**
*Attorneys for Plaintiff*
*PPREF/TP North Brunswick Industrial LLC*

R. James Kravitz, Esq.
Brittany M. Barbet, Esq.
212 Carnegie Center Suite 400
Princeton, NJ 08540
Tel.: 609-896-3600

1

182864374.2

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY............................................. 2

ARGUMENT................................................................................................................................ 3

    I.    THE COURT SHOULD DISMISS THE EVICTION ACTION WITHOUT PREJUDICE BECAUSE THE DISMISSAL WILL NOT PREJUDICE DEFENDANT.................................................................................... 3

        A.    PPREF's Conduct/Motives in Dismissing the Eviction Action............. 3

        B.    Defendant Will Not Be Prejudiced by a Dismissal Without Prejudice. ....................................................................................................... 4

            1.    There is No Expense of a Potential Second Litigation............... 4

            2.    Effort and Expense Incurred by Defendant. .............................. 5

            3.    The Limited Extent of the Eviction Action's Progression Favors Dismissal Without Prejudice........................................... 6

            4.    PPREF's Diligence in Bringing This Instant Motion. ............... 6

        C.    The Court Should Not Impose Conditions on the Dismissal Without Prejudice.................................................................................... 6

CONCLUSION ............................................................................................................................ 7

182864374.2

# TABLE OF AUTHORITIES

**Cases**

CDK Global, LLC v. Tully Automotive Group, Inc., 489 F.Supp.3d 282 (D.N.J. 2020) .......... 3, 4

Gospel Outreach Christian Fellowship of N.J. v. Davies, Civ. No. 05-3775 (HAA), 2006 WL 8457728 (D.N.J. June 22, 2006)................................................................................................. 6

HouseMaster SPV LLC v. Burke, Civ. No. 21-13411 (MAS) (TJB), 2024 WL 493272 (D.N.J. Feb. 8, 2024)............................................................................................................................... 5, 6, 7

In re Paoli R.R. Yard PCB Litig., 916 F.2d 829 (3d Cir. 1990) .................................................. 3, 5

Kachwalla v. Twp. of Edison, 348 F.R.D. 215 (D.N.J. 2024)...................................................... 3, 4

Lombarski v. Cape May County, Civ. No. 10-6588 (RMB) (KMW), 2011 WL 1322910 (D.N.J. April 5, 2011) ............................................................................................................................ 4, 7

Mason v. Johnson & Johnson Consumer Inc., Civ. No. 21-10222 (MAS) (LHG), 2022 WL 605717 (D.N.J. Mar. 1, 2022) ...................................................................................................... 7

Nobrega v. Troy-Bilt, Civ. No. 22-04204 (JXN) (JBC), 2025 WL 3063750 (D.N.J. Nov. 3, 2025) ............................................................................................................................................... 5, 7

Sporn v. Ocean Colony Condo. Ass'n, 173 F.Supp.2d 244 (D.N.J. 2001)...................................... 3

**Rules**

Fed. R. Civ. P. 41 ............................................................................................................................. 3

182864374.2

## **PRELIMINARY STATEMENT**

Plaintiff PPREF/TP North Brunswick Industrial LLC ("PPREF") respectfully requests that the Court grant its Motion for Voluntary Dismissal pursuant to Rule 41(a)(2) and the Third Circuit's well-established "liberal policy" in favor of voluntary dismissal. PPREF's predecessor, 1735 Jersey Ave LLC ("1735 Jersey") commenced this eviction action in in May 2024 to recover possession of a commercial warehouse from tenant Luxe Living Design, LLC ("Defendant") due to Defendant's failure to pay rent. Following the transfer of the property from 1735 Jersey to PPREF in March 2025, PPREF was substituted as plaintiff and has since determined that it does not wish to pursue eviction, but instead desires to maintain Defendant as a tenant, subject to Defendant making the rent payments on time.

Defendant cannot demonstrate any cognizable prejudice from dismissal without prejudice. This litigation remains in its earliest stages: the motion to remand is still pending, fact discovery has not been completed, depositions have not yet started, no dispositive motions have been filed, and no trial date has been set. PPREF's conduct and motives are beyond reproach—there is no evidence of gamesmanship, bad faith, or improper litigation tactics. PPREF first requested dismissal without prejudice in September 2025, before the parties exchanged paper discovery, and has repeatedly renewed its request thereafter, demonstrating diligence. In opposing PPREF's prior requests, Defendant identified no cognizable harm beyond the absence of a guarantee that PPREF will not refile—yet the Third Circuit has made clear that the "mere prospect of a second lawsuit" is insufficient to establish substantial prejudice.

Because all relevant factors favor dismissal—including PPREF's legitimate motives, the absence of prejudice to Defendant, the early stage of litigation, and PPREF's diligent pursuit of dismissal—the Court should grant this Motion and dismiss without prejudice and without any conditions.

1

182864374.2

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 10, 2024, 1735 Jersey commenced this action by way of Verified Complaint against Defendant in the Superior Court of New Jersey, Law Division, Special Civil Part (the "Eviction Action"). See Declaration of Andrew Zlotnick, **Exhibit 1**. The Complaint alleges that Defendant leased a commercial warehouse and failed to pay rent and other charges from December 2023 to May 2024. Id. 1735 Jersey sought to retain possession of the premises and evict Defendant from the warehouse. Id.

On May 15, 2024, Defendant removed the action to the United States District Court for the District of New Jersey based on diversity jurisdiction. See ECF No. 1. On May 24, 2024, 1735 Jersey filed a Motion to Remand this matter back to the Superior Court of New Jersey. See ECF No. 5. On May 31, 2024, Defendant filed an Answer to the Complaint. See ECF No. 7.

On March 24, 2025, the lease between 1735 Jersey and Defendant was assigned to PPREF and PPREF took over as landlord. See Zlotnick Decl. at ¶ 3, Exhibit 2. Pursuant to Fed. R. Civ. P. 25(c), on March 28, 2025, the parties entered into a Consent Order, in which PPREF was substituted as Plaintiff for 1735 Jersey with respect to 1735 Jersey's claims against Defendant in this action. See ECF No. 64. On or about November 13, 2024, Defendant began paying 90.05% of the rent and CAM charges due under the Lease. See Zlotnick Decl. at ¶ 4. On or about October 7, 2025, Defendant began paying 94.44% of the rent and CAM charges due under the Lease. Id.

PPREF now moves to dismiss the Eviction Action pursuant to Fed. R. Civ. P. 41(a)(2).[1]

---

[1]    Pursuant to the Amended Pretrial Scheduling Order ¶ 11 (see ECF No. 80), PPREF sought leave to file the instant application on September 10, 2025 (ECF No. 81), October 17, 2025 (ECF No. 87), October 31, 2025 (ECF No. 88), and December 18, 2025 (ECF No. 92). On February 11, 2026, at the status conference, Magistrate Judge Quinn permitted PPREF to file a motion for voluntarily dismissal during the deadline for dispositive motions, however, the Court's Order did not reference this ruling. PPREF filed letters with the Court confirming the ruling. See ECF Nos. 102 and 113.

182864374.2

## <u>ARGUMENT</u>

I.    **THE COURT SHOULD DISMISS THE EVICTION ACTION WITHOUT PREJUDICE BECAUSE THE DISMISSAL WILL NOT PREJUDICE DEFENDANT.**

"[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

The Third Circuit has adopted a "liberal policy" in favor of dismissal under Rule 41. <u>See In re Paoli R.R. Yard PCB Litig.</u>, 916 F.2d 829, 863 (3d Cir. 1990). The district court has discretion to grant a motion under Rule 41(a)(2), and "a motion for dismissal should not be denied absent substantial prejudice to the defendant." <u>Sporn v. Ocean Colony Condo. Ass'n</u>, 173 F.Supp.2d 244, 255 (D.N.J. 2001) (citations omitted); <u>see also</u> <u>CDK Global, LLC v. Tully Automotive Group, Inc.</u>, 489 F.Supp.3d 282, 297 (D.N.J. 2020). The district court may also consider the plaintiff's motives for a dismissal. <u>See</u> <u>Kachwalla v. Twp. of Edison</u>, 348 F.R.D. 215, 218 (D.N.J. 2024) (citations omitted).

### A.    **PPREF's Conduct/Motives in Dismissing the Eviction Action.**

"In assessing the conduct and motives of a plaintiff who seeks dismissal, a core inquiry is whether improper gamesmanship is potentially at play." <u>Kachwalla</u>, 348 F.R.D. at 218 (citations omitted). The Court should dismiss the Eviction Action without prejudice because PPREF did not bring the action as "gamesmanship" or as a frivolous action. Instead, PPREF's predecessor in interest (1735 Jersey) filed the Eviction Action to remove Defendant from the Warehouse for its failure to pay rent and other charges.

Here, PPREF seeks to dismiss the Eviction Action without prejudice because: (1) it was not the party that brought forth the action; and (2) it wishes to keep Defendant as a tenant of the Warehouse and avoid an empty Leasehold Premises. Although Defendant has not cured the arrears,

3

182864374.2

it has been paying most of the current rent and CAM charges due and owing. See Zlotnick Decl. at ¶ 4. There has been no evidence that PPREF intends to refile this action. Instead, PPREF wishes to preserve its rights with a dismissal without prejudice to refile in the event that Defendant stops making rent payments in the future. See Kachwalla, 348 F.R.D. at 218 (finding that there was no gamesmanship or delay in filing the Rule 41(a)(2) motion to dismiss).

**B.      Defendant Will Not Be Prejudiced by a Dismissal Without Prejudice.**

Defendant will not be and cannot show that it will be prejudiced if the Eviction Action is dismissed without prejudice. Indeed, in Defendant's opposition to PPREF's request for leave to file the instant motion, Defendant failed "to identify any prejudice that [it] would incur by permitting dismissal without prejudice other than [Defendant's] lack of guarantee that [PPREF] will not refile. . . ." Lombarski v. Cape May County, Civ. No. 10-6588 (RMB) (KMW), 2011 WL 1322910, at * 2 (D.N.J. April 5, 2011); see also ECF No. 88.

To determine whether a voluntary dismissal will result in prejudice to the defendant, the district court should consider the following factors: "(1) the expense of a potential second litigation; (2) the effort and expense incurred by defendant in preparation for trial in the present case; (3) the extent to which the case has progressed; and (4) plaintiff's diligence in bringing the motion to voluntarily dismiss." CDK Global, LLC, 489 F.Supp.3d at 297 (citations omitted). As demonstrated below, each of these factors weigh in favor of dismissing the Eviction Action without prejudice.

**1.      There is No Expense of a Potential Second Litigation.**

The possibility that Defendant may incur expenses in future litigation does not constitute the type of plain legal prejudice required to deny a motion for voluntary dismissal without prejudice. See Selby v. Inspira Med Ctrs., Inc., Civ. No. 18-9675 (RBK) (JS), 2018 WL 6696775, at * 1 (D.N.J. Dec. 19, 2018). The Third Circuit has made clear that the "mere prospect of a second

4

lawsuit" is insufficient to establish prejudice. In re Paoli R.R. Yard PCB Litig., 916 F.2d at 863;

Defendant has not and cannot identify a unique or extraordinary expense that would arise from a potential second action. See ECF No. 88. PPREF does not wish to evict Defendant from the Warehouse, but reserves the right to bring a lawsuit against Defendant in the future if it fails to pay rent or other charges due under the Lease or cures arrears that the Court adjudges are owed.[2]

Moreover, any discovery that has occurred thus far may be used in the potential second litigation, alleviating any prejudice of expense. See HouseMaster SPV LLC v. Burke, Civ. No. 21-13411 (MAS) (TJB), 2024 WL 493272, at * 5 (D.N.J. Feb. 8, 2024) (providing that since the plaintiff agreed to use any discovery exchanged in the current action to be used in any subsequent litigation would substantially reduce any duplicative discovery and weighed in favor of dismissing without prejudice).

### 2.        Effort and Expense Incurred by Defendant.

This litigation remains in its early stages, and Defendant has not yet undertaken the substantial discovery, motion practice, or trial preparation that would give rise to cognizable prejudice. Moreover, any discovery and litigation expenses incurred by Defendant has been in relation to the pending related action: PPREF/TP North Brunswick Industrial LLC v. Luxe Living Design, LLC, Civ. No. 3:24-cv-06168 (MAS) (JTQ). See Nobrega v. Troy-Bilt, Civ. No. 22-04204 (JXN) (JBC), 2025 WL 3063750, at * 5 (D.N.J. Nov. 3, 2025) (dismissing the complaint without prejudice because although the defendants expended significant time on the matter, legal prejudice does not arise from the mere possibility of another lawsuit).

---

[2]        See PPREF/TP North Brunswick Industrial LLC v. Luxe Living Design, LLC, Civ. No. 3:24-cv-06168 (MAS) (JTQ). Although there is over $3 million of outstanding rent, CAM and other charges due from Defendant, Defendant is paying most of the current rent.  See Zlotnick Decl. at ¶ 4, Exhibit 3.

5

**3.** **The Limited Extent of the Eviction Action's Progression Favors Dismissal Without Prejudice.**

This case has not progressed to a point where dismissal would cause Defendant undue hardship or prejudice. 1735 Jersey's Motion to Remand remains pending, fact discovery has not been completed, depositions have not yet been conducted, dispositive motions have not been filed, and no trial date has been set. The limited progression in the Eviction Action weighs heavily in favor of permitting PPREF to dismiss the action without prejudice. See HouseMaster SPV LLC v. Burke, 2024 WL 493272, at * 6 (providing that since discovery remained open and no trial date was set was in favor of a voluntary dismissal without prejudice)

**4.** **PPREF's Diligence in Bringing This Instant Motion.**

PPREF has demonstrated diligence in bringing this Motion and seeking dismissal of the Eviction Action. Indeed, PRPEF first requested that the Eviction Action be dismissed **before** fact discovery and depositions. See ECF No. 81. PPREF continued to request leave to file the instant Motion between September 2025 and February 2026. See ECF Nos. 87, 88, and 92. PPREF has not engaged in delay tactics or sought to gain an unfair litigation advantage. Rather, PPREF has timely sought dismissal at a stage where Defendant will not suffer prejudice.

**C.** **The Court Should Not Impose Conditions on the Dismissal Without Prejudice.**

Although Rule 41(a)(2) allows the district court to condition a dismissal on "terms that the court considers proper," conditions are not warranted here. The Eviction Action was commenced in good faith based on Defendant's failure to pay rent and other charges, not as a frivolous claim. *See* Zlotnick Decl., **Exhibit 1**; compare with Gospel Outreach Christian Fellowship of N.J. v. Davies, Civ. No. 05-3775 (HAA), 2006 WL 8457728, at * 5-6 (D.N.J. June 22, 2006) (granting the plaintiff's Rule 41(a)(2) motion to dismiss without prejudice, but requiring plaintiff to pay the defendants' costs and reasonable attorneys' fees because the plaintiff's claims were "suspect" at

6

best).

In <u>Lombarski</u>, the district court declined to award the defendant's the costs of litigation in response to the plaintiff's motion for voluntary dismissal because the defendants received what they sought—dismissal of the claims—and because there would be no duplicative costs. <u>Lombarski</u>, 2011 WL 1322910, at * 5; <u>see</u> <u>also</u> <u>Nobrega</u>, 2025 WL 3063750, at * 5 (declining to impose any conditions on the dismissal). The same reasoning applies here: Defendant will receive the relief it presumably desires, dismissal of the Eviction Action and no prejudice.

Because the factors weigh in PPREF's favor and a dismissal will not result in prejudice to Defendant, the Court should dismiss the Eviction Action without prejudice. <u>See</u> <u>Nobrega</u>, 2025 WL 3063750, at * 5 (granting the plaintiffs' motion to voluntary dismiss without prejudice and denying the defendants' requests for the imposition of conditions or an award for fees and costs); <u>Kachwalla</u>, 348 F.R.D. at 218 (granting the plaintiff's motion to dismiss without prejudice because the defendants did not establish that they would suffer any prejudice); <u>HouseMaster SPV LLC</u>, 2024 WL 493272, at * 6 (granting the plaintiff's motion for voluntary dismissal without prejudice); <u>Mason v. Johnson & Johnson Consumer Inc.</u>, Civ. No. 21-10222 (MAS) (LHG), 2022 WL 605717, at * 3 (D.N.J. Mar. 1, 2022) (granting the plaintiff's motion to dismiss without prejudice under Rule 41(a)(2) because there was no prejudice to the defendants); <u>Lombarski</u>, 2011 WL 1322910, at * 5 (granting the plaintiff's cross motion for voluntary dismissal without prejudice and denying the defendants' motion to dismiss with prejudice).

## **CONCLUSION**

Based on the foregoing reasons, the Court should grant PPREF's Motion and dismiss the Eviction Action without prejudice.

Respectfully submitted,

Dated: March 30, 2026                                    By:      <u>*s/ R. James Kravitz*</u>

7

182864374.2

R. James Kravitz, Esq.
Brittany M. Barbet, Esq.
212 Carnegie Center Suite 400
Princeton, NJ 08540
Tel.: 609-896-3600
Email: rkravitz@foxrothschild.com

8

182864374.2