Aaron Twersky, Esq.
Ilana Neufeld, Esq.
Twersky PLLC
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149
atwersky@twerskylaw.com
ineufeld@twerskylaw.com
*Attorney for Defendant Luxe Living Design, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

--------------------------------------------------------------------------------x

PPREF/TP NORTH BRUNSWICK INDUSTRIAL LLC,
as assignee of 1735 JERSEY AVE LLC,

                       Plaintiff,

     -against-                                  Docket No.:
                                               3:24-cv-06175

LUXE LIVING DESIGN, LLC,

                       Defendant.

--------------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
## MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

**TWERSKY PLLC**
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149

*Attorneys for Defendant*
*Luxe Living Design, LLC*

Of Counsel:

    Aaron Twersky, Esq.
    Ilana Neufeld, Esq.

## TABLE OF CONTENTS

**PROCEDURAL HISTORY**........................................................................ 1

**ARGUMENT**.............................................................................................. 2

**POINT I**

**A DISMISSAL WITHOUT PREJUDICE WILL
CERTAINLY RESULT IN PREJUDICE TO DEFENDANT
AND THEREFORE THE MOTION MUST BE DENIED**.......................................... 2

**POINT II**

**THE MOTION MUST BE DENIED BECAUSE
PLAINTIFF FAILS TO MEET THE NECESSARY ELEMENTS
FOR A VOLUNTARY DISMISSAL WITHOUT PREJUDICE** ............................... 4

    **A.** **The First Factor, Expense Of A Potential Second Litigation,
    Weighs In Favor Of Defendant And In Denying The Motion** ................... 5

    **B.** **The Second Factor, The Effort And Expense
    Incurred By Defendant In Preparation For Trial,
    Weighs In Favor Of Defendant And In Denying The Motion** ................... 5

    **C.** **The Third Factor, Progression Of The Case,
    Weighs In Favor Of Defendant And In Denying The Motion** ................... 6

    **D.** **The Fourth Factor, Diligence In Bringing The Motion,
    Weighs In Favor Of Defendant And In Denying The Motion** ................... 6

**POINT III**

**IF THE COURT GRANTS THE MOTION,
IT MUST IMPOSE CONDITIONS ON THE DISMISSAL**....................................... 7

**CONCLUSION** ...................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

*Carroll v. E One Inc.*, 893 F.3d 139 (3d Cir. 2018)........................................................................ 2

*Demelia v. Johnson & Johnson, Inc.*, 2024 WL 3850358  (D.N.J. Aug. 16, 2024) ............... 2, 4, 5

*Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp. 2d 645 (M.D. Pa. 2008) ............... 3

*Estate of Ware*, 871 F.3d 273 (3d Cir. 2017).............................................................................. 3, 4

*Ferguson v. Eakle*, 492 F.2d 26 (3d Cir. 1974) .......................................................................... 3, 4

*Pringle v. Johnson & Johnson, Inc.*, 2024 WL 3850379 (D.N.J. Aug. 16, 2024)...................... 3, 4

*Public Interest Research Group of New Jersey v. Stone*, 1992 WL 281122 (D.N.J. Sept. 21,

   1992) ........................................................................................................................................ 4, 5

*Shamrock Creek, LLC v. Borough of Paramus*, 2015 WL 3902307 (D.N.J. June 23, 2015)......... 4

*Williamson v. Daiichi Sankyo, Inc.*, 2017 WL 2226734 (D.N.J. May 22, 2017) .......................... 3

*Zagano v. Fordham University*, 900 F.2d 12 (2d Cir. 1990)......................................................... 4

**Statutes**

Fed. R. Civ. P. 41(a)(2)............................................................................................................... 2, 8

Aaron Twersky, Esq.
Ilana Neufeld, Esq.
Twersky PLLC
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149
atwersky@twerskylaw.com
ineufeld@twerskylaw.com
*Attorney for Defendant Luxe Living Design, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
----------------------------------------------------------------------------------x
PPREF/TP NORTH BRUNSWICK INDUSTRIAL LLC,
as assignee of 1735 JERSEY AVE LLC,

                              Plaintiff,

              -against-                                    Docket No.:
                                                           3:24-cv-06175

LUXE LIVING DESIGN, LLC,

                              Defendant.
----------------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Defendant Luxe Living Design, LLC, ("Defendant"), submits this memorandum of law in

opposition to Plaintiff PPREF/ TP North Brunswick Industrial LLC, as assignee of 1735 Jersey

Ave LLC's ("Plaintiff" or "PPREF") Motion for Voluntary Dismissal Without Prejudice (D.E.

114 – 114-7) ("Motion"). ***Plaintiff's Motion must be denied because granting the Motion***

***would prejudice Defendant and because Plaintiff fails to meet the factors necessary for a***

***motion for voluntary dismissal without prejudice***.  Accordingly, for the reasons stated below,

the Motion must be denied.

**PROCEDURAL HISTORY**

The Court is already familiar with the facts of this case but a brief procedural history will

be mentioned here.  This eviction action was commenced by PPREF's predecessor plaintiff,

1

1735 Jersey Ave LLC ("1735 Jersey Ave"), in the Superior Court of New Jersey, Law Division, Special Civil Part, on or about May 10, 2024.  On May 15, 2024, due to diversity jurisdiction, Defendant removed this action to the United States District Court for the District of New Jersey. *See* D.E. 1.  On May 24, 2024, 1735 Jersey Ave filed a Motion to Remand. *See* D.E. 5. Defendant filed its answer on May 31, 2024. *See* D.E. 7.

On or about March 28, 2025, PPREF was substituted as Plaintiff in place of 1735 Jersey Ave. *See* D.E. 64.  This Motion was filed following several pre-motion letters filed by the parties. *See* D.E. 81, 83.  For the reasons explained below, the Motion must be denied and this action can only be dismissed **with prejudice**, and not without prejudice.

## ARGUMENT

## POINT I

### A DISMISSAL WITHOUT PREJUDICE WILL CERTAINLY RESULT IN PREJUDICE TO DEFENDANT AND THEREFORE THE MOTION MUST BE DENIED

Plaintiff's Motion, which requests voluntary dismissal **without** prejudice, must be denied because granting the Motion will result in prejudice to Defendant.  "Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may request a voluntary dismissal of his or her complaint, which district courts are empowered to grant 'on terms that the court considers proper.' " *Demelia v. Johnson & Johnson, Inc.*, 2024 WL 3850358, at *2 (D.N.J. Aug. 16, 2024), quoting Fed. R. Civ. P. 41(a)(2).  "Whether to grant a Rule 41(a)(2) dismissal is within the sound discretion of the Court . . . *the guiding inquiry on a Rule 41(a) (2) motion is whether the defendant will be prejudiced by the dismissal*." *Demelia v. Johnson & Johnson, Inc.*, *supra*, 2024 WL 3850358, at *2 (emphasis added); see also *Carroll v. E One Inc.*, 893 F.3d 139, 146 (3d Cir. 2018) (stating that courts possess a "broad grant of discretion" in considering Rule 41(a)(2) motions).

The Court must consider "the presence or extent of any prejudice to the defendant by the

2

draconian measure of dismissing [a] plaintiff's complaint." *Ferguson v. Eakle*, 492 F.2d 26, 29 (3d Cir. 1974); see also *Estate of Ware*, 871 F.3d 273, 285-286 (3d Cir. 2017). "Specifically, in deciding a Rule 41(a)(2) motion, 'a court must examine the prejudice to the defendant, both in terms of legal prejudice and litigation expense.' " *Williamson v. Daiichi Sankyo, Inc.*, 2017 WL 2226734, at *2 (D.N.J. May 22, 2017), quoting *Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008).

In this case, Plaintiff's only motivation to dismiss the eviction action without prejudice, is certainly and clearly to harm and prejudice Defendant, which cannot be tolerated. If Plaintiff's Motion is granted and this action is dismissed ***without*** prejudice, then Plaintiff will almost certainly bring a new, second eviction action against Defendant, after Defendant has already expended time and money in defending and attempting to settle this eviction matter and the related matter before this Court (Docket No. 3:24-cv-06168) ("Related Action"). Accordingly, the Court cannot grant any dismissal without prejudice. *See Ferguson v. Eakle*, *supra*, 492 F.2d at 29 (reversing the District Court's dismissal without prejudice, reasoning that additional efforts and expenses in preparation for a new trial and discovery would significantly prejudice defendants); *see also Estate of Ware, supra*, 871 F.3d at 286 (where denial of motion for voluntary dismissal was affirmed, and the Third Circuit stated, "Were [Plaintiff] Boyer permitted to withdraw her claims without prejudice, [Defendant] UPenn would have faced the prospect of potentially relitigating, at some later date, claims it had put significant time and resources into defending and already litigated to the summary-judgment stage"); *see also Pringle v. Johnson & Johnson, Inc.*, 2024 WL 3850379, at *3 (D.N.J. Aug. 16, 2024) ("a dismissal of Plaintiff's claims without prejudice burdens Defendants with the likelihood that they will have to defend themselves and likely relitigate issues in a new forum").

3

Though Plaintiff claims there is no evidence of "gamesmanship" here, like in all of the cases cited above, there is no doubt that Plaintiff will re-file this matter, likely in State Court, if this case is denied without prejudice. This will lead to immense harm and prejudice felt by Defendant. Therefore, in following prevalent New Jersey and Third Circuit case law, and because "the guiding inquiry on a Rule 41(a) (2) motion is whether the defendant will be prejudiced", the Court must deny Plaintiff's Motion in its entirety." *Demelia v. Johnson & Johnson, Inc.*, *supra*, 2024 WL 3850358, at \*2.

## POINT II

### THE MOTION MUST BE DENIED BECAUSE PLAINTIFF FAILS TO MEET THE NECESSARY ELEMENTS FOR A VOLUNTARY DISMISSAL WITHOUT PREJUDICE

The Motion also must be denied because Plaintiff fails to meet the factors that courts look at in deciding these motions. The Court is reminded that "[v]oluntary dismissal without prejudice . . . is not a matter of right." *Public Interest Research Group of New Jersey v. Stone*, 1992 WL 281122, at \*2 (D.N.J. Sept. 21, 1992) (emphasis added); *see also Zagano v. Fordham University*, *supra*, 900 F.2d 12, 14 (2d Cir. 1990). "In deciding a voluntary dismissal motion under Rule 41(a)(2), courts in this district consider the following factors: '(1) the expense of a potential second litigation; (2) the effort and expense incurred by defendant in preparation for trial in the present case; (3) the extent to which the case has progressed; and (4) plaintiff's diligence in bringing the motion to voluntarily dismiss.' " *Demelia v. Johnson & Johnson, Inc.*, *supra*, 2024 WL 3850358, at \*2; quoting *Shamrock Creek, LLC v. Borough of Paramus*, 2015 WL 3902307, at \*2 (D.N.J. June 23, 2015). As will be shown below, these factors do not weigh in Plaintiff's favor and therefore the Motion must be denied.

4

### A. The First Factor, Expense Of A Potential Second Litigation, Weighs In Favor Of Defendant And In Denying The Motion

The first factor which the Court must consider is the expense of a potential second litigation. In this case, this factor weighs in favor of denial of Defendant, and in denying Plaintiff's Motion. The current litigation has been underway for nearly two years, and is intimately tied to another case before this Court, the Related Action. If the Court were to grant Plaintiff's Motion, Plaintiff will almost certainly file a new case, which is why Plaintiff is so eager to have a voluntary dismissal without prejudice. The new action will be a standalone eviction action, in State Court, and not tied to the very active Related Action before this very same Court. A new, second lawsuit will be costly, as it would be starting from the beginning, and re-litigating items, in a new court. It would force Defendant to expand significant costs, as well as significant time, on top of the costs, expenses and time already incurred here and in the Related Action. It is therefore clear that this factor weighs heavily in favor of Defendant and the Motion must be denied.

### B. The Second Factor, The Effort And Expense Incurred By Defendant In Preparation For Trial, Weighs In Favor Of Defendant And In Denying The Motion

The next factor which the Court must weigh is the effort and expense incurred by Defendant in preparation for trial. This factor also weighs in favor of denying Plaintiff's Motion. This litigation began in early May 2024 and has been ongoing for over two years. During this time, the litigation has significantly advanced beyond the early stages and towards summary judgment and preparation of trial, thereby incurring significant expenses on all sides. There have been many filings, motions and letters filed, with many court appearances, oral arguments and conferences. Additionally, three depositions have already taken place, with the remaining depositions currently scheduled in the coming weeks. All of this heavy litigation has incurred

5

significant legal fees for Defendant, and the attorneys have spent significant effort, time and resources on this matter and the Related Action.  If Plaintiff's Motion is granted, Plaintiff would simply refile this action in a new lawsuit and all of Defendant's effort and expense will have been in vain.  Defendant will have to incur additional expenses to litigate the same facts, in a new action and from the beginning.  Therefore, this factor also weighs heavily in favor of Defendant and this Motion must be denied in its entirety.

### C. The Third Factor, Progression Of The Case, Weighs In Favor Of Defendant And In Denying The Motion

The third factor also weighs against Plaintiff and in favor of Defendant, in that this case has progressed far beyond the initial stages.  As mentioned above, this case has been ongoing for two years and there has been significant progress in the case.  There has been much motion practice and many court appearances already held.  Moreover, discovery is ongoing, with significant discovery already completed, including most paper discovery and three depositions having already been taken.  The close of discovery is coming up, on June 30, 2026 and the case is heading towards summary judgment.  Accordingly, this factor also weighs against Plaintiff and in favor of Defendant and the Motion must be denied.

### D. The Fourth Factor, Diligence In Bringing The Motion, Weighs In Favor Of Defendant And In Denying The Motion

Lastly, the last and final factor, diligence in bringing the motion to dismiss, weighs against Plaintiff.  Plaintiff was certainly not diligent in bringing this Motion, as this matter has been going on for over two years.  Moreover, PPREF substituted into this action in place of 1735 Jersey Ave in March of 2025, yet only brought this Motion a year later.  Therefore, Plaintiff was not diligent in bringing this Motion timely, and therefore, this factor weighs in favor of Defendant, and in denying the Motion.

6

## POINT III

### IF THE COURT GRANTS THE MOTION, IT MUST IMPOSE CONDITIONS ON THE DISMISSAL

As shown above, the Motion must be denied in its entirety. However, if the Court does grant the Motion, it should impose conditions on the dismissal without prejudice, as allowed by Rule 41(a)(2). Rule 41(a)(2) states that, "an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper*." *See* Rule 41(a)(2) (emphasis added). Here, certain conditions are certainly warranted, to ensure that Defendant is not prejudiced by the dismissal, and forced to re-litigate this same action somewhere else. Accordingly, the Court should impose a condition and require Plaintiff not re-file the Eviction Action in any other Court. Plaintiff should have no issue with this, as it claims that it no longer wants to evict Defendant. Accordingly, if the Court does grant the Motion, this condition should be imposed. Alternatively, this matter should be dismissed with prejudice.

### CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Luxe Living Design LLC, respectfully requests that the Court: a) deny Plaintiff's Motion for Voluntary Dismissal in its entirety; b) in the alternative, if the Motion is granted, impose a condition on the dismissal and require Plaintiff not re-file the Eviction Action in any other Court; or dismiss this action with prejudice; and c) grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 4, 2026

TWERSKY PLLC

By: _____
Aaron Twersky, Esq.
Ilana Neufeld, Esq.

7

747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149
atwersky@twerskylaw.com
ineufeld@twerskylaw.com

*Attorneys for Defendant*
*Luxe Living Design, LLC*

8

Aaron Twersky, Esq.
Ilana Neufeld, Esq.
Twersky PLLC
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149
atwersky@twerskylaw.com
ineufeld@twerskylaw.com
*Attorney for Defendant Luxe Living Design, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-------------------------------------------------------------------------------x

PPREF/TP NORTH BRUNSWICK INDUSTRIAL LLC,
as assignee of 1735 JERSEY AVE LLC,

Plaintiff,

-against-

Docket No.:
3:24-cv-06175

LUXE LIVING DESIGN, LLC,

Defendant.

-------------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
## MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

**TWERSKY PLLC**
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149

*Attorneys for Defendant Luxe Living Design, LLC*