## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PPREF/TP NORTH BRUNSWICK INDUSTRIAL LLC, as assignee of 1735 JERSEY AVE LLC,<br><br>Plaintiff,<br><br>v.<br><br>LUXE LIVING DESIGN, LLC,<br><br>Defendant. | Civil Action No.: 3:24-cv-06175-MAS-JTQ |

## PLAINTIFF PPREF/TP NORTH BRUNSWICK INDUSTRIAL LLC'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR VOLUNTARY DISMISSAL

### FOX ROTHSCHILD LLP
*Attorneys for Plaintiff*
*PPREF/TP North Brunswick Industrial LLC*

R. James Kravitz, Esq.
Brittany M. Barbet, Esq.
212 Carnegie Center Suite 400
Princeton, NJ 08540
Tel.: 609-896-3600

185189431.1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT...................................................................................................................... 2

    I.      THE COURT SHOULD GRANT PPREF'S MOTION BECAUSE
           DEFENDANT HAS NOT ESTABLISHED THAT IT WILL BE
           PREJUDICED............................................................................................. 2

    II.     THE COURT SHOULD NOT IMPOSE CONDITIONS ON THE
           DISMISSAL WITHOUT PREJUDICE............................................................ 6

CONCLUSION ................................................................................................................ 6

i

185189431.1

# TABLE OF AUTHORITIES

**Cases**

CDK Global, LLC v. Tulley Automotive Group, Inc., 489 F.Supp.3d 282 (D.N.J. 2020) ............ 2

Estate of Ware v. Hosp. of University of Pennsylvania, 871 F.3d 273 (3d Cir. 2017) .................. 5

Ferguson v. Eakle, 492 F.2d 26 (3d Cir. 1974)................................................................................. 4

Giordano v. Philadelphia Contributionship Ins. Co., Civ. No. 14-0904 (RBK) (JS), 2015 WL
    3866209 (D.N.J. June 23, 2015).............................................................................................. 4

HouseMaster SPV LLC v. Burke, Civ. No. 21-13411 (MAS) (TJB), 2024 WL 493272 (D.N.J.
    Feb. 8, 2024)............................................................................................................................. 4

Kachwalla v. Twp. of Edison, 348 F.R.D. 215 (D.N.J. 2024)......................................................... 3

185189431.1

## PRELIMINARY STATEMENT

Defendant Luxe Living Design, LLC ("Defendant") asks this Court to deny PPREF/TP North Brunswick Industrial LLC's ("PPREF") motion for voluntary dismissal based on nothing more than speculation that PPREF might someday file a second lawsuit. That is not prejudice. Rather, it is naked speculation that falls far short of the concrete harm of prejudice required under Rule 41(a)(2) to preclude the voluntary dismissal without prejudice of a complaint. Not a single factor in the governing analysis supports Defendant's position.

Since November 2024, Defendant has been paying 90% of the rent and CAM charges due under the Lease. PPREF, having been substituted as Plaintiff, does not seek to evict Defendant; it seeks to maintain Defendant as a tenant, provided Defendant continues to make timely payments under the Lease and is confident that the Court will order the shortfall to be made up when this matter is decided on the merits. PPREF would prefer to avoid the cost and investment of time to bring in a new tenant or a period of no rent if the Defendant is evicted.

Every factor the Court must consider confirms that dismissal without prejudice is appropriate. There is no evidence that PPREF intends to file a second action. The efforts and expenses Defendant has incurred relate to the separate, related civil action between the parties. The Eviction Action remains in its infancy: the motion to remand is still pending, fact discovery does not close until June 30, 2026, and no trial date has been set. And PPREF acted diligently, seeking leave to file this motion within six months of its substitution as plaintiff and before any depositions were taken. In fact, Defendants were made aware of PPREF's position long before this Motion was filed.

1

## ARGUMENT

**I.     THE COURT SHOULD GRANT PPREF'S MOTION BECAUSE DEFENDANT HAS NOT ESTABLISHED THAT IT WILL BE PREJUDICED.**

Defendant has not established that it will be prejudiced if the Eviction Action is dismissed without prejudice. Defendant's claim of prejudice amounts to pure speculation—Defendant makes the unsupported assertion that "Plaintiff will almost certainly bring a new, second eviction action against Defendant, after Defendant has already expended time and money in defending" this Eviction Action. See ECF No. 123 at p. 3. However, Defendant provides no support for this claim. That is because there is no evidence in the record to suggest that PPREF will bring a new lawsuit against Defendant. In fact, the record establishes that since PPREF purchased the leasehold premises, Defendant has been paying most of the rent and CAM charges due under the Lease, while it makes no business sense for PPREF to evict Defendant  and suffer a total loss of rent merely because of the shorted payments being made by Defendant or the completely missed payments before PPREF became Defendant's landlord. (ECF No. 114-3 at ¶ 3).

To determine whether a voluntary dismissal will result in prejudice to the defendant, the district court should consider the following factors: "(1) the expense of a potential second litigation; (2) the effort and expense incurred by defendant in preparation for trial in the present case; (3) the extent to which the case has progressed; and (4) plaintiff's diligence in bringing the motion to voluntarily dismiss." CDK Global, LLC v. Tulley Automotive Group, Inc., 489 F.Supp.3d 282, 297 (D.N.J. 2020) (citations omitted). Each of these factors weigh in favor of dismissing the Eviction Action without prejudice.

**First**, speculation about future litigation does not constitute the type of prejudice under Rule 41(a)(2). The prejudice inquiry under Rule 41(a)(2) requires a showing of concrete harm — not hypothetical burdens that may never materialize. See generally Kachwalla v. Twp. of Edison,

2

185189431.1

348 F.R.D. 215, 218 (D.N.J. 2024) (finding that the defendants will not suffer prejudice regarding the mere prospect of a second lawsuit and dismissing the action without prejudice). Defendant has provided no factual basis whatsoever for its claim that PPREF intends to file a new lawsuit or why PPREF would seek dismissal if it intended to refile. Defendant simply assumes that PPREF will file a new complaint in State Court and then asks this Court to deny the Motion on the basis of that assumption. However, 1735 Jersey's motion to remand (ECF No. 5) remains pending before this Court. If PPREF wanted the Eviction Action in State Court, it could wait for this Court's decision on the motion to remand, not file a separate lawsuit in State Court that Defendant would undoubtedly remove again.

Perhaps most importantly, Defendant's speculation is undermined by the facts of this case. 1735 Jersey Ave brought the Eviction Action to recover possession of the Warehouse due to Defendant's failure to pay rent. (ECF No. 114-3 at Exhibit 1). Defendant claims that it did not pay rent because the roof of the Warehouse was leaking. (ECF No. 7).  However, the Warehouse roof has been replaced and there are no more leaks. Further, since November 2024, Defendant has been paying most of the rent and CAM charges due under the Lease and has a personal guaranty from defendant, Chaim Treitel. (ECF No. 114-3 at ¶ 4; Kravitz Decl., **Exhibit 1**). Accordingly, there is no evidence that PPREF intends to or has a need to file a new eviction against Defendant.

**Second**, any efforts and expenses incurred by Defendant have also been related to the pending action <u>PPREF/TP North Brunswick Industrial LLC v. Luxe Living Design, LLC</u>, Civ. No. 3:24-cv-06168 (MAS) (JTQ). The discovery already conducted — including depositions, document exchanges, and other discovery efforts — would not need to be redone in any future proceeding. Discovery materials from this litigation would be fully available and usable in any subsequent action. Defendant's investment in discovery is therefore not lost or wasted. <u>See</u>

3

185189431.1

HouseMaster SPV LLC v. Burke, Civ. No. 21-13411 (MAS) (TJB), 2024 WL 493272, at * 5 (D.N.J. Feb. 8, 2024) (providing that since the plaintiff agreed to use any discovery exchanged in the current action to be used in any subsequent litigation would substantially reduce any duplicative discovery and weighed in favor of dismissing without prejudice); Nobrega v. Troy-Bilt, Civ. No. 22-04204 (JXN) (JBC), 2025 WL 3063750, at * 5 (D.N.J. Nov. 3, 2025) (dismissing the complaint without prejudice because although the defendants expended significant time on the matter, legal prejudice does not arise from the mere possibility of another lawsuit).

**Third**, despite Defendant's claim that this case has significantly progressed beyond the initial stages, this case remains at its infancy. The motion for remand is pending, the deadline to complete paper discovery and fact depositions is June 30, 2026 (ECF No. 104), Defendant has not served any expert disclosures or filed a dispositive motion, and there is no trial date. This weighs in favor of dismissing the action without prejudice. HouseMaster SPV LLC, 2024 WL 493272, at * 6 (finding that there was no prejudice to the defendant because discovery remained opened, the discovery end date had not expired, and no trial date was set); Giordano v. Philadelphia Contributionship Ins. Co., Civ. No. 14-0904 (RBK) (JS), 2015 WL 3866209, at * 3 (D.N.J. June 23, 2015) (finding that there was no prejudice to the defendant because the plaintiff filed the motion for voluntary dismissal during fact discovery and before any dispositive motions were filed).

Defendant's reliance on Ferguson v. Eakle, 492 F.2d 26, 29 (3d Cir. 1974), and Estate of Ware, 871 F.3d 273, 285–86 (3d Cir. 2017) is misplaced.

In Ferguson, the plaintiffs brought an action in equity, which the defendants removed to the district court. Ferguson v. Eakle, 492 F.2d 26, 27 (3d Cir. 1974). After the fact discovery ended and the parties began pre-trial proceedings, the plaintiffs filed a motion for voluntary dismissal.

4

Id. at 27-28. The plaintiffs sought dismissal because they wanted to file a new complaint seeking monetary damages against defendants and add new defendants to the lawsuit. Id. at 28. Before receiving the district court's ruling on the motion, the plaintiffs filed a new complaint in state court against the defendants. Id. at 28. The Third Circuit found that the defendants were prejudiced because the plaintiffs could proceed with their equity claim in federal court and monetary claim in state court against the new defendant. Id. at 28-29. Further, there was significant delay in bringing the motion, as it was filed after the pre-trial conference. Id.

Similarly, in Estate of Ware, the plaintiff waited to file its motion for voluntary dismissal until after the close of fact discovery and significant expert discovery, with the defendants producing five expert reports, and one defendant filed its motion for summary judgment. See Estate of Ware v. Hosp. of University of Pennsylvania, 871 F.3d 273, 285-86 (3d Cir. 2017). The Third Circuit found that the district court properly exercised its discretion in denying the plaintiff's motion because the defendants were prejudiced by the delays and length of the litigation. Id.

Here, unlike the plaintiffs in Ferguson and Estate of Ware, PPREF does not intend to bring another action based on the claims that gave rise to the Eviction Action. PPREF timely brought this motion. Further, the Eviction Action is still in fact discovery, there is no trial date, and the parties have not filed any dispositive motions.

**Fourth**, PPREF was diligent in bringing this motion. PPREF sought leave to file a motion to dismiss the Eviction Action almost six months after being substituted as Plaintiff and before fact discovery and depositions occurred. (ECF Nos. 81, 87, 88, 92, 102, and 113). In fact, the request to dismiss the Eviction Action was first raised months prior to the Motion being filed, on August 7, 2025 (Kravitz Decl. at **Exhibit 2**) and the request for permission to file this motion was made to the Court on September 10, 2025 (ECF No. 81).

Accordingly, the four factors weigh in PPREF's favor to dismiss the Eviction Action without prejudice.

## II.    THE COURT SHOULD NOT IMPOSE CONDITIONS ON THE DISMISSAL WITHOUT PREJUDICE.

Because the factors weigh in PPREF's favor and a dismissal without prejudice will not result in prejudice to Defendant, the Court should not impose conditions on the dismissal.

Defendant argues that the Court should impose a condition and "require Plaintiff not to re-file the Eviction Action in any other Court." (ECF No. 123 at p. 7). To the extent that the Court imposes conditions on the dismissal, which it should not for the reasons stated above, PPREF will not file a new eviction action based on the breaches of the Lease through the date of filing its Motion. In other words, should Defendant breach the Lease in the future, PPREF reserves its rights with respect to enforcing the Lease.

### <u>CONCLUSION</u>

Based on the foregoing reasons, the Court should grant PPREF's Motion and dismiss the Eviction Action without prejudice.

Respectfully submitted,

Dated: May 11, 2026

By:    *s/ R. James Kravitz*
R. James Kravitz, Esq.
Brittany M. Barbet, Esq.
212 Carnegie Center Suite 400
Princeton, NJ 08540
Tel.: 609-896-3600
Email: rkravitz@foxrothschild.com

6

185189431.1