**Fox Rothschild**

Mail: P. O. Box 5231, Princeton, NJ 08543-5231
212 Carnegie Center, Suite 400
Princeton, NJ 08540
Tel (609) 896-3600  Fax (609) 896-1469
www.foxrothschild.com

R. JAMES KRAVITZ
Direct No: 609.895.3316
Email: RKravitz@FoxRothschild.com
Certified by the Supreme Court of New Jersey as a Civil Trial Attorney

June 23, 2026

***VIA ECF***

Hon. Justin T. Quinn, U.S.M.J.
United States District Court District of New Jersey
402 E. State Street
Trenton, New Jersey 08609

**Re:**   **PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC vs. Luxe Living Design, LLC**
**Civil Action No.: 3:24-cv-06175-MAS-JTQ**

**1735 Jersey Ave LLC and PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC vs. Luxe Living Design, LLC, et al.**
**Civil Action No.: 3:24-cv-06168-MAS-JTQ**

Dear Judge Quinn:

Plaintiff PPREF/TP North Brunswick Industrial LLC ("PPREF") respectfully submits this letter in opposition to Defendants Luxe Living Design, LLC ("Luxe Living") and Chaim Treitel's (collectively "Defendants") request for the fourth extension of the discovery deadlines, this time for another 90 days. ECF Nos. 114 and 125.

**1. Summary of Discovery Extensions and Some of the Orders Defendants Have Disregarded.**

Per the original parties' Report and Discovery plan dated November 20, 2024, the initial fact discovery end date agreed to by the parties, was **April 30, 2025**. ECF No. 40.  This deadline was adopted by the Court by Order dated December 6, 2024. ECF No. 42. By Order dated

186673141.1



Hon. Justin T. Quinn, U.S.M.J.
June 23, 2026
Page 2

November 3, 2025, the Court directed the parties to complete all paper discovery by **December 1, 2025**. ECF Nos. 86 and 89. On April 14, 2026, the discovery end date was extended again, this time to **June 30, 2026**. ECF Nos. 104 and 120.

By Order dated February 13, 2026, the Court directed the parties to file a joint letter "identifying the dates that **all** depositions in this case will proceed." ECF Nos. 94 and 97 (emphasis added). By letter dated February 27, 2026, the parties submitted a joint letter identifying all of the depositions in the case and the dates for each deposition, with the last deposition scheduled for June 3, 2026. ECF Nos. 97 and 100. The Court has confirmed that these depositions are an order of the Court. ECF Nos. 102 and 118.

Defendants insisted on taking the deposition of 1735 Jersey Ave's principal, Joe Saadia, first (on March 10, 2026). However, on March 9, 2026, Defendants unilaterally declared that it was adjourned without date. ECF Nos. 98 and 101. By Text Order dated April 6, 2026, the Court declared that Defendants' adjournment of the deposition without seeking court approval was in violation of the Court's Order. ECF Nos. 102 and 118.

## 2. Defendants Had Knowledge of These Subpoena Targets from the Outset of this Litigation.

Defendants' motion should be denied because they failed to demonstrate good cause, which is required to extend discovery. See Fed. R. Civ. P. 16(b)(4); Walker v. Centocor Ortho Biotech, Inc., 558 Fed. Appx. 216, 221-22 (3d Cir. 2014). Defendants' lack of diligence and tactical delays are the sole reasons they now seek additional time for discovery. See Faiella v. Sunbelt Rentals,

2

186673141.1

**Fox Rothschild**

Hon. Justin T. Quinn, U.S.M.J.
June 23, 2026
Page 3

Inc., 341 F.R.D. 553, 558 (D.N.J. 2022) (providing that carelessness and lack of diligence are not grounds for good cause to extend discovery).

The only reasonable conclusion that can be drawn from the record is that **Defendants deliberately held off taking discovery in an effort to delay this case because they are shorting monthly rent/CAM payments, and have not paid a $300,000 security deposit.** For example, instead of issuing subpoenas in 2024 when discovery commenced, Defendants waited 18 months, less than a month prior to the close of fact discovery (June 30, 2026), to send out a series of subpoenas[1] to multiple roofing companies, the real estate broker, and the prior landlord's property manager. Importantly, Defendants were obviously aware of each of the subpoena targets years ago, well before the close of discovery. Defendants offer no explanation for their failure to pursue this discovery diligently.

**The Roofing Companies**. On June 3, 2026, and June 8, 2026, Defendants issued subpoenas to Amergy Solar, Roofco Group, Roofing Team Inc., Atiba LLC, and Thomas S. Belardo Roofing, the companies that performed work on the Warehouse roof at issue. Luxe Living was the tenant at the Warehouse when each of these companies performed work on the roof. Mr. Trietel testified that he spoke to the roofers that performed work on the roof and therefore knew

---

[1]    Rule 45(a)(4) requires that "before [the subpoena] is served on the person to whom it is directed, a notice and copy of the subpoena must be served on each party." Defendants have not provided PPREF with timely notice of subpoenas. For example, on June 3, 2026, Defendants served PPREF with subpoenas for documents to Atiba LLC, Roofing Team Inc., and Thomas S. Belardo Roofing, LLC. These subpoenas were dated March 2, 2026 and returnable on March 16, 2026. **Exhibits 1-2**.

3



who they were. On November 3, 2025, PPREF served its responses to Defendants' discovery demands and produced the roofing companies' invoices, which included the entities names and contact information. On November 18, 2025, 1735 Jersey Ave LLC ("1735 Jersey") also served its responses to Defendants' discovery demands and produced the roofing companies' invoices.

The fact that Defendants were aware of the names and contact information for each of the roofing companies since no later than November 3, 2025 (and obviously earlier), yet waited until June 2026 to issue subpoenas speaks volumes as to their lack of diligence and bad faith. This delay is at best inexcusable and at worst part of a calculated effort to continue to put off the payment of rent/CAM charges and the security deposit.

**Subi Hamra**. Defendants' claim that "Mr. Hamra's name was only recently made known to Defendants" represents a bold-faced misrepresentation to the Court. Mr. Hamra was the property manager for 1735 Jersey at the Warehouse. PPREF disclosed Mr. Hamra as a witness in its initial disclosures, which were served on August 19, 2025. **Exhibit 3**. Even without the initial disclosures, both Mr. Trietel and Sherzod Turdiev (Luxe Living's operations manager) obviously knew who the property manager was for 1735 Jersey, as they claim to have complained to him repeatedly about leaks in the roof.

**Charles Fern**. Finally, Mr. Trietel testified that he spoke with Mr. Fern during the negotiation of the Lease and that Mr. Fern was the broker. Defendants admit that Mr. Fern was their "broker regarding the Lease and its negotiation and execution." ECF Nos. 114 and 125. Defendants knew Mr. Fern's identity and knowledge regarding the Warehouse long before the close of discovery.

4



Discovery has been ongoing for over 18 months. This case is not complicated. Defendants had every opportunity to pursue discovery over the past 18 months, but made a calculated decision to hold off taking discovery while they shorted monthly rent/CAM payments and flouted their obligation to pay their security deposit.

Such conduct does not constitute good cause to warrant an extension, but rather, constitutes vexation litigation tactics in violation of Rule 11 and Rule 37. See Foster v. JLG Industries, Inc., 199 Fed. Appx. 90, 94-95 (3d Cir. 2006) (finding that the district court did not abuse its discretion in denying the motion for extension of time to extend discovery because the plaintiff waited to serve subpoenas until the close of discovery).

**3. Defendants Offer No Explanation for Their Delay in Seeking Discovery into Third Parties.**

Defendants do not explain why the subpoenas were not served earlier in discovery. Defendants have had over 18 months to issue these subpoenas. The original discovery deadline was April 30, 2025, which was later extended to December 1, 2025, then June 30, 2026. See ECF Nos. 42, 70 and 72, 86 and 89, 104 and 120.

As outlined above, Defendants were aware of each of the subpoena targets for months, yet waited until the end of fact discovery to serve subpoenas. Defendants' lack of diligence does not constitute good cause to extend. See Alpine Country Club v. Sompo America Ins. Co., Civ. No. 23-43 (CCC) (MAH),  2024 WL 3688577, at *4-5 (D.N.J. Aug. 7, 2024) (denying the plaintiff's motion for an extension because it did not demonstrate its diligence); Florentino v. City of New York, Civ. No. 2:19-cv-21055 (BRM) (ESK), 2022 WL 17820256, at 3-4 (D.N.J. Dec. 20, 2022)

**Fox Rothschild**

Hon. Justin T. Quinn, U.S.M.J.
June 23, 2026
Page 6

(affirming the magistrate judge's denial of the plaintiff's request for an extension of discovery because the plaintiff did not follow the court's orders).

### 4. The Deposition List Should Not be Expanded.

Pursuant to the Court's Order (ECF Nos. 94 and 97), the parties submitted a joint letter identifying the agreed upon witnesses for depositions. ECF Nos. 97 and 100. The Court described this procedure as an Order setting these depositions that could not be disregarded without first seeking leave of court. ECF Nos. 102 and 118. Defendants should not now be permitted to unilaterally expand the scope of depositions beyond what was jointly agreed upon and ordered by the Court to take Mr. Saadia's deposition, which Defendants chose to cancel at the last minute.

### 5. Alternatively, Should the Court Grant an Extension, the Court Should Require Luxe Living to Come Current on Rent/CAM, Pay Rent/CAM Each Month Moving Forward in Full, and Pay the Security Deposit.

As discussed above, Defendants' failure to diligently pursue discovery over the past 18 months has not been explained.  That is because there is no legitimate explanation. It was tactically designed to delay this case while Defendants short their rent/CAM charges and stick their tongues out at PPREF and the Court by not paying their $300,000 security deposit, which Defendants do not dispute is due under Section 6.01 of the Lease. Such misconduct is particularly troubling given Defendants' broader pattern of discovery misconduct. See e.g., ECF Nos. 89, 92, 101, and 106.

Since April 2025, when PPREF became landlord, Defendants have shorted the rent/CAM payments each month for a total of $207,020.79. **Exhibit 4**. This total does not include the other amounts due and owing by Defendants, including late fees, interest, attorneys' fees, costs, and the $300,000 security deposit, as well as the outstanding rent and CAM charges that became

6

186673141.1

**Fox Rothschild**

Hon. Justin T. Quinn, U.S.M.J.
June 23, 2026
Page 7

outstanding before PPREF acquired the property. PPREF reserves the right to seek these amounts as damages.

Hence, in the alternative, should the Court grant Defendants' request for an extension, any extension should be no more than thirty (30) days and conditioned on Defendants: (1) paying the $300,000 security deposit; (2) paying PPREF all rent and CAM shortfalls in the amount of $207,020.79 (exclusive of late fees, interest, attorneys' fees, and costs); (3) paying PPREF the full rent and CAM charges due each month going forward (as the Court has previously ordered, ECF Nos. 46 and 49); and (4) producing their damage documents as repeatedly ordered by the Court.

### Conclusion

Based on the foregoing reasons, PPREF respectfully requests that the Court deny Defendants' request for a discovery extension and order the payment of shorted back rent and CAM charges as well as the security deposit. In the alternative, in the event the Court is inclined to provide the Defendants with a fourth extension of the discovery deadlines, which it should not, the extension should be limited to no more than thirty (30) days and conditioned upon Defendants' full compliance with their financial obligations under the Lease and the Court's discovery Orders directed to Defendants' damage documents.

Respectfully submitted,

/s/ R. James Kravitz
R. James Kravitz, Esq.

cc:    All Parties of Record (*via ECF*)

7

186673141.1