

Mail: P. O. Box 5231, Princeton, NJ 08543-5231
212 Carnegie Center, Suite 400
Princeton, NJ 08540
Tel (609) 896-3600  Fax (609) 896-1469
www.foxrothschild.com

R. JAMES KRAVITZ
Direct No: 609.895.3316
Email: RKravitz@FoxRothschild.com
Certified by the Supreme Court of New Jersey as a Civil Trial Attorney

June 23, 2026

**VIA ECF**
Hon. Justin T. Quinn, U.S.M.J.
United States District Court District of New Jersey
402 E. State Street
Trenton, New Jersey 08609

**Re:   PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC
vs. Luxe Living Design, LLC
Civil Action No.: 3:24-cv-06175-MAS-JTQ**

**1735 Jersey Ave LLC and PPREF/TP North Brunswick Industrial LLC, as assignee
of 1735 Jersey Ave LLC vs. Luxe Living Design, LLC, et al.
Civil Action No.: 3:24-cv-06168-MAS-JTQ**

Dear Judge Quinn:

Pursuant to Local Civil Rule 37.1 and Your Honor's Case Management Order, Plaintiff

PPREF/TP North Brunswick Industrial LLC ("PPREF") respectfully requests a conference to

address Defendants Luxe Living Design, LLC ("Luxe Living") and Chaim Treitel's (collectively

"Defendants") persistent and willful discovery deficiencies. PPREF further requests sanctions

under Fed. R. Civ. P. 37(b)(2) and the Court's inherent authority for Defendants repeated and

deliberate noncompliance with this Court's orders. This letter supplements PPREF's prior motion

to compel Defendants' discovery, which remains pending before Your Honor. ECF Nos. 92 and

101.

186333476.2

**Fox Rothschild**

Hon. Justin T. Quinn, U.S.M.J.
June 23, 2026
Page 2

Despite numerous and conferences with Defendants' counsel, Defendants have maintained their refusal to produce the outstanding documents and comply with this Court's Orders.

## I.    DEFENDANTS' WILLFUL NONCOMPLIANCE WITH THIS COURT'S ORDERS AND CONTINUED DISCOVERY DEFICIENCIES.

On February 13, 2026, the Court ordered Defendants to "supplement their prior document productions to include the relevant financial documents, payroll records, profit and loss statements, accounting ledgers, and balance sheets that Plaintiffs requested." ECF No. 94 and 97 at 1. The Court further ordered the parties to meet and confer regarding the specific tax information and documents requested. Id. On February 17, 2026, the parties met and conferred.

Rather than comply with the Court's Order, on March 16, 2026, Defendants produced only partial, heavily redacted financial documents. While Defendants produced Luxe Living's 2023–2024 Form 1065, Schedule L, Profit and Loss Statements, and payroll records, they **redacted all information on revenue**—the very information the Court ordered produced—thereby preventing PPREF from determining whether Defendants' revenue increased or decreased, or whether expenses rose due to increased business.

On March 20, 2026, Defendants filed a letter motion seeking a protective order to avoid producing further financial documents. ECF No. 100 and 105. PPREF opposed Defendants' request, arguing it was untimely—filed over five weeks after the Court's February 13, 2026 Order—and constituted an improper attempt to relitigate a decided issue. PPREF further requested that the Court compel Defendants to produce unredacted copies of the financial documents. ECF No. 101 and 106 at 1–3.

2

186333476.2



Hon. Justin T. Quinn, U.S.M.J.
June 23, 2026
Page 3

During the deposition of Luxe Living's Rule 30(b)(6) corporate representative, Mr. Treitel, Defendants' non-compliance was further exposed. Mr. Treitel testified as to numerous documents in Defendants' possession that had not been produced. **Exhibit 1** at 153:2-153:20 (testifying about profit margins on lost orders); 156:25-157:7 (testifying that there are contracts with customers); 162:12–162:22 (testifying that Defendants can unredact the rental invoices). This testimony confirms that Defendants possess responsive documents that they have deliberately withheld from production despite the Court's Orders. Based on Defendants' own deposition admissions, on May 4, 2026, PPREF wrote to Defendants' counsel and demanded that these documents be produced as previously ordered by the Court.

On May 21, 2026, Defendants responded with baseless objections and refused to produce their damages documents, as if the Court's Orders did not exist. **Exhibit 2**. Defendants refused to produce the re-requested documents, as follows:

> **Requests Nos. 4, 5, and 6**: These Requests requested again the documents concerning Luxe Living's alleged damages, including profit margins on orders, rental agreements with Luxe Living's customers that Defendants claim were affected by the alleged Lockout, and an unredacted copy of Luxe Living's rental invoices.

> **Defendants Responses to Requests Nos. 4, 5, and 6**: Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and requests confidential and sensitive information which is not relevant to the claims in this matter. If and when liability is determined, documents such as these may be relevant as to a damages calculation, but without further explanation as to why this is necessary, they will not be produced now.

**Exhibit 2** at pgs. 4-5.

3



Hon. Justin T. Quinn, U.S.M.J.
June 23, 2026
Page 4

First, Defendants' financial documents have been ordered to be produced on at least **three separate occasions**, and Defendants' continued refusal to comply constitutes willful disobedience of this Court's orders. ECF Nos. 94 and 97 (ordering Defendants to produce relevant financial documents, payroll records, profit and loss statements, accounting ledgers, and balance sheets); ECF Nos. 79 and 82 (ordering "Luxe Living to produce inter alia all supporting documentation for the damages it alleges it sustained. It is clear from the Parties' September 10, 2025 correspondence that the Court's Order has not been fully complied with. Consequently, Luxe Living has until September 26, 2025 to come into compliance and produce all outstanding documentation. . . ."); ECF Nos. 86 and 89 (ordering Luxe Living to produce within 14 days its damage documents). Each of these orders was clear, specific, and left no room for interpretation. Defendants' failure to comply is not the result of ambiguity or misunderstanding—it is deliberate obstruction.

Second, this matter is not bifurcated as Defendants seem to suggest. The Court has not entered any order separating liability from damages, and the Federal Rules of Civil Procedure contemplate unified discovery on all issues in a civil action absent such an order. See Fed. R. Civ. P. 26(b)(1) (defining the scope of discovery to include "any nonprivileged matter that is relevant to any party's claim or defense"). There is thus no basis for Defendants' refusal to produce damage documents until liability is decided on their counterclaims.

Because the above-mentioned documents have been Court ordered to be produced numerous times and Defendants have failed to produce them, the Court should impose sanctions.

4

186333476.2



Hon. Justin T. Quinn, U.S.M.J.
June 23, 2026
Page 5

## II.    THE COURT SHOULD IMPOSE SANCTIONS AGAINST DEFENDANTS FOR THEIR WILLFUL NONCOMPLIANCE WITH THIS COURT'S ORDERS.

The Court has broad authority to sanction a party that "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Critically, "the court ***must*** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). Sanctions under Rule 37(b)(2) are designed to ensure that a party will not benefit from its own failure to comply and to obtain compliance. See generally Adams v. DMG Park, LLC, 21-17442 (MCA) (LDW), 2026 WL 242198, at *3 (D.N.J. Jan. 29, 2026) (providing that Rule 37 "was designed to protect courts and opposing parties from delaying or harassing tactics during the discovery process.") (citations omitted).

Defendants' discovery obstruction has been persistent, willful, and in direct defiance of at least **three separate Court Orders**. As outlined above, the Court's prior orders were clear and directed Defendants to produce their damages documents. ECF Nos. 79, 82, 86, 89, 94, and 97. Defendants have failed to comply. Their pattern of noncompliance is not inadvertent or excusable—it is calculated obstruction designed to run out the clock on discovery and prevent PPREF from obtaining the evidence necessary to challenge Defendants' damages claims.

Defendants' noncompliance is not justified.  The Court's discovery orders were clear and unambiguous—Defendants were ordered to produce all of their documents to support their damages claim. Rather than comply, Defendants have: (1) produced only heavily redacted

5



Hon. Justin T. Quinn, U.S.M.J.
June 23, 2026
Page 6

documents that obscure the very information the Court ordered disclosed; (2) filed an untimely and improper motion for a protective order to avoid further compliance; and (3) refused to produce damages documents until "if and when liability is determined."

PPREF has been and continues to be prejudiced by Defendants' willful disregard of this Court's Orders. PPREF has sought discovery related to Defendants' damages claims since September 22, 2025, when it served Defendants with its First Set of Interrogatories and Documents. Since then, the fact discovery deadline has been extended twice, and the current fact discovery deadline is June 30, 2026. PPREF has incurred additional fees and costs in connection with Defendants' noncompliance. The discovery deadline is quickly approaching, depositions have already occurred, and Defendants still have not complied with this Court's Orders. Further, expert discovery is approaching, and these documents may be necessary for the expert to review to rebut Defendants' expert report.

Defendants' conduct is precisely the type of discovery abuse that Rule 37(b)(2) is designed to address and deter. Their refusal to produce unredacted financial documents—while simultaneously claiming damages for lost profits, increased expenses, and financial harm—is fundamentally inconsistent and prejudicial. Defendants cannot be permitted to advance damages claims while shielding from scrutiny the very evidence that would allow PPREF to test those claims. Courts in this district have consistently imposed sanctions where, as here, a party repeatedly ignores discovery orders and obstructs the opposing party's ability to prepare its case. See Younes v. 7-Eleven, Inc., 312 F.R.D. 692, 712-14 (D.N.J. 2015) (holding that sanctions were

6

186333476.2



Hon. Justin T. Quinn, U.S.M.J.
June 23, 2026
Page 7

warranted for failure to comply with the court's order and the appropriate sanction was fees and costs); <u>Khal Anshei Tallymawr Inc. v. Twp. of Toms River</u>, Civ. No. 21-2716 (RK) (JRQ), 2025 WL 934761, at * 10 (D.N.J. March 27, 2025) (granting in part the plaintiff's sanctions motion and compelling the defendants to complete their document production and awarding the plaintiff its attorneys' fees and costs).

For these reasons, PPREF respectfully requests that the Court enter an Order: (1) compelling Defendants to produce, within seven (7) days of the Court's Order, complete and unredacted copies of all documents supporting their damages claims, including but not limited to: (a) unredacted versions of the previously produced financial documents, including all profit and loss statements, balance sheets, and accounting ledgers with revenue, profit, losses, and expenses information visible; (b) unredacted copies of Luxe Living's rental invoices; (c) rental agreements with customers allegedly affected by the lockout; (d) documents establishing profit margins on allegedly lost orders; and (e) documents and communications between Luxe Living and its insurance agent concerning the Lease; (2) awarding PPREF its reasonable attorneys' fees and costs incurred as a result of Defendants' noncompliance with discovery orders, including the costs of filing these letter motions to compel and the time spent attempting to resolve these disputes through meet-and-confer efforts, as mandated by Rule 37(b)(2)(C); (3) precluding Defendants from offering any evidence at trial concerning damages for which supporting documentation has not been produced; and (4) such other and further relief as this Court deems just and proper.

Respectfully Submitted,

7



Hon. Justin T. Quinn, U.S.M.J.
June 23, 2026
Page 8

/s/ R. James Kravitz

R. James Kravitz, Esq.

cc:    All Parties of Record (*via ECF*)

8

186333476.2