# EXHIBIT D

Aaron Twersky, Esq.
Ilana Neufeld, Esq.
Twersky PLLC
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149
atwersky@twerskylaw.com
ineufeld@twerskylaw.com
*Attorney for Defendants Luxe Living Design, LLC*
*and Chaim S. Treitel*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PPREF/TP NORTH BRUNSWICK INDUSTRIAL LLC, as assignee of 1735 JERSEY AVE LLC,<br><br>Plaintiff,<br><br>v.<br><br>LUXE LIVING DESIGN, LLC,<br><br>Defendant. | Civil Action No.: 3:24-cv-06175-MAS-JTQ |
| 1735 JERSEY AVE LLC, and PPREF/TP NORTH BRUNSWICK INDUSTRIAL LLC, as assignee of 1735 JERSEY AVE LLC<br><br>Plaintiffs,<br><br>v.<br><br>LUXE LIVING DESIGN, LLC and CHAIM S. TREITEL,<br><br>Defendants | Civil Action No.: 3:24-cv-06168-MAS-JTQ |

**DEFENDANTS LUXE LIVING DESIGN, LLC AND CHAIM S. TREITEL'S**
**<u>SUPPLEMENTAL INTERROGATORIES TO PLAINTIFF</u>**

1

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Luxe Living Design, LLC and Chaim S. Treitel ("Defendants") by its undersigned counsel, Twersky PLLC, hereby requests that Plaintiff, PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC ("Plaintiff"), answer the Interrogatories herein in accordance with all applicable Rules and the Definitions and Instructions set forth below within thirty 30 days after service of these Interrogatories ("Request").  If supplementation or amendment becomes necessary, Defendants request that such supplementation or amendment be served promptly on Defendants after Plaintiff acquires the information necessitating supplementation or amendment.

**DEFINITIONS**

1. For the purposes of this Request, the following definitions shall apply whether or not such term is capitalized.  Unless otherwise defined herein, all words and phrases shall be accorded their usual meaning and shall be interpreted broadly to encompass all facts and information that could otherwise be construed to fall outside their scope.

2. "Document."  "Document" is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or any designated tangible things, or entry onto land or other property.  The term "document" refers to any document now or at any time in your possession, custody, or control.  A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the

2

right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

3. "Communication."  "Communication" refers to any transfer of information, ideas, opinions or thoughts by any means, at any time or place, under any circumstances, and is not limited to written or oral transfers between natural persons, but includes all other transfers, including electronic transfers, transfers of information stored on computer disk or in computer memory, and memoranda to file, as well includes, without limitation, mail, telephone, facsimile transmission, telex, electronic mail (e-mail), text message, messages through any social networking website (including but not limited to Facebook, LinkedIn and Twitter), and any electronic instant messenger technology, including, but not limited to, Blackberry Instant Messenger and Gmail chat.

4. "Electronically stored information" and "ESI" means any Information on operational systems including accounting, financial, distribution, or manufacturing systems; E-mail; Instant Messages (IM); Web pages; text messages; cell phone data; Excel spreadsheets and underlying formulae; metadata; computer databases (i.e., Access); erased, fragmented or damaged data; Blackberry data; and anything stored on computer or other electronic means located on or in, but not limited to cache memory; optical disks; magnetic tapes/back-up tapes; magnetic disks (hard drive, floppy disks, etc.); PDAs, Smart Phones; cell phones; IM tools; or USB drives.

5. The terms "and" or "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of this Request any information that might otherwise be considered beyond their scope.

6. "Identify," when used in connection with a natural person, means to state the person's (i)

3

full name, (ii) current or most recent business affiliation, and (iii) present or last known business address and telephone number and/or present or last known home address and telephone number.

7. "Identify," when used in connection with an entity, means to state the entity's name and current or most recent address and telephone number.

8. "Identify," when used in connection with a document or written communication, means to (i) state the date and place of each communication, (ii) state the means or medium through which such communication was made, (iii) identify each person who participated in the communication, (iv) identify each person (other than the participant) who heard or had access to the communication, (v) state the substance of the communication, including any discussion constituting or regarding the communication, the order in which such discussion was had, and any decisions or conclusions reached in the course of or as a result of the communication, and (vi) identify any document reflecting or concerning the substance of the communication.

9. As used herein, the term "concerning" or "relating" shall be interpreted broadly, including both explicit and implicit reference, and means, without limitation, relating to, regarding, referring to, constituting, defining, discussing, containing, construing, embodying, reflecting, stating, dealing with, prepared in contemplation of, prepared in connection with, prepared as a result of, or in any way pertaining to.

10. As used herein, all phrases following the terms "including without limitation", "including but not limited to" and "includes without limitation" are intended to illustrate the kinds of matters that are responsive to the Request.  Such examples are not intended to be exhaustive of the materials sought and shall not in any way be read to limit the scope of

4

the Request.

11. The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within the scope of this Request any information that might otherwise be considered beyond their scope.

12. As used herein, "person" includes individuals, agencies, government entities, corporations, partnerships, unincorporated associations, and other business entities, and specifically includes any of the parties in the above-captioned action, and includes any predecessors and/or successors in interest.

13. As used herein, "Plaintiff" refers to Plaintiff PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC.

14. As used herein, "Defendants" refers to Defendants Luxe Living Design LLC and Chaim S. Treitel.

15. As used herein, the terms "You" or "Your" shall refer to Plaintiff PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC.

16. As used herein, the term "Action" refers to the *PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC v. Luxe Living Design LLC*, Civil Action No.: 3:24-cv-06175-MAS-JTQ and *PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC v. Luxe Living Design LLC and Chaim S. Treitel*, Civil Action 3:24-cv-06168-MAS-JTQ, both pending in the United States District Court of New Jersey.

17. As used herein, the term "Complaint" means the Complaints filed in the Actions, Civil Action No.: 3:24-cv-06175-MAS-JTQ and Civil Action 3:24-cv-06168-MAS-JTQ.

18. As used herein, the term "Premises" means the property located at 1735 Jersey Avenue,

5

North Brunswick, New Jersey.

19. As used herein, the term "Landlord" means Defendant 1735 Jersey Avenue.

20. As used herein, the term "Tenant" means Defendants Luxe Living Design LLC and Chaim S. Treitel.

21. As used herein, the term "Lease Agreement" means the lease agreement entered into between Plaintiffs and Defendants for which Defendants leased a portion of the property located at 1735 Jersey Avenue, North Brunswick, New Jersey.

22. As used herein, the term "Lockout" means Plaintiff's illegal resort to self-help and lockout of Defendants from the Premises, by surrounding the Premises with trucks and security and thereby blocking Defendants from accessing or entering the Premises, which took place from on or about September 25, 2024 through September 28, 2024.

23. All other definitions are the same as the Complaint.

**INSTRUCTIONS**

1. The relevant time period of this Request, unless otherwise specified, is from January 1, 2022, to the present and shall include all documents, including electronically stored information, which relate or refer to this period even though prepared before or subsequent to that period.

2. If you object to furnishing any requested document on the ground of privilege, immunity, work product or otherwise, you are required to give notice that one or more such documents are being withheld.  This notice shall indicate the legal ground for withholding each such document, and shall provide the following information as to each such document, unless you state that divulgence of such information would cause disclosure of the allegedly privileged information: (1) the type of document; (2) the

6

general subject matter of the document; (3) the date of the document; (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including its author and its recipient, and (5) the specific ground on which your objection is based.

3. Notwithstanding your objection, you must disclose any objected-to evidence containing non-objectionable matter which is relevant and material to this Request, but you may withhold the portion for which you assert the objection, subject to further request or motion, provided that you furnish the above-requested identification.

4. You shall produce the documents as they are kept in the regular course of business or organize and label them to correspond to the categories in the request.

5. If you later discover additional responsive documents, you are obligated to amend or supplement your responses.

6. If any document requested has been lost, discarded, or destroyed, identify such document. State the type of document, its date, the approximate date it was lost, discarded, or destroyed, the reason it was lost, discarded or destroyed, a summary of its substance, and the identity of each person having knowledge of the contents thereof.

7. Electronically stored information should be produced in the organizational categories and formats ordinarily used in your business.

8. Any copies provided in response to this request for production must be legible.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify, state and describe in detail the agreed upon commencement date for which Defendants would move into the Premises.

**RESPONSE:**

**INTERROGATORY NO. 2:**

Identify, state and describe in detail the Landlord's obligations regarding roof leaks as per section 2.01 of the Lease Agreement.

**RESPONSE:**

**INTERROGATORY NO. 3:**

Identify, state and describe in detail the condition of the roof on December 15, 2023.

**RESPONSE:**

**INTERROGATORY NO. 4:**

Identify, state and describe in detail any and all actions that Plaintiff took to ensure that the roof was free of leaks prior to December 15, 2023.

**RESPONSE:**

**INTERROGATORY NO. 5:**

Identify, state and describe in detail Plaintiffs' obligation regarding maintenance of the roof and the and roof repairs as per section 11.01 of the Lease Agreement.

8

**RESPONSE:**

**INTERROGATORY NO. 6:**

Identify, state and describe in detail the condition of the roof on or about December 12, 2023.

 **RESPONSE:**

**INTERROGATORY NO. 7:**

Identify, state and describe in detail all efforts made to repair the leaks in the roof on or about

December 12, 2023.

 **RESPONSE:**

**INTERROGATORY NO. 8:**

Identify, state and describe in detail all vendors and contractors that Plaintiffs contracted with

to repair the leaks in the roof on or about December 12, 2023.

 **RESPONSE:**

**INTERROGATORY NO. 9:**

Identify, state and describe in detail all vendors or contractors who worked on the roof, the

payments that Plaintiff made and the when and what work was carried out to fix the roof for

9

the time period of on or about December 12, 2023.

**RESPONSE:**

**INTERROGATORY NO. 10:**

Identify, state and describe in detail all representations that Plaintiffs made to Defendants regarding the state of the roof on or about December 12, 2023.

**RESPONSE:**

**INTERROGATORY NO. 11:**

Identify, state and describe in detail why Defendants were unable to fully move into the Premises on or about December 15, 2023.

**RESPONSE:**

**INTERROGATORY NO. 12:**

Identify, state and describe in detail the representations that Plaintiffs made to Defendants regarding the state of the roof after Defendants were unable to move into the premises on or about December 15, 2023.

**RESPONSE:**

10

**INTERROGATORY NO. 13:**

Identify, state and describe in detail all vendors and contractors that Plaintiffs contracted with to repair the leaks in the roof after Defendants were unable to move into the premises on or about December 15, 2023.

**RESPONSE:**

**INTERROGATORY NO. 14:**

Identify, state and describe in detail all vendors or contractors who worked on the roof, the payments that Plaintiffs made to the vendors and contractors as well as when, and what work was carried out to fix the roof for the time period of on or about December 15, 2023.

**RESPONSE:**

**INTERROGATORY NO. 15:**

Identify, state and describe in detail the condition of the roof on or about January 18, 2024.

**RESPONSE:**

**INTERROGATORY NO. 16:**

Identify, state and describe in detail communications and notifications made from Defendants to Plaintiff regarding the condition of the roof, as well as any responses that Plaintiffs made to Defendants on or about January 18, 2024.

11

**RESPONSE:**

**INTERROGATORY NO. 17:**

Identify, state and describe in detail the condition of the roof on or about January 28, 2024.

**RESPONSE:**

**INTERROGATORY NO. 18:**

Identify, state and describe in detail all vendors and contractors that Plaintiffs contracted with

to repair the leaks in the roof after Defendants were unable to move into the premises on or

about January 28, 2024 as well as all vendors or contractors who worked on the roof, the

payments that Plaintiffs made to the vendors and contractors as well as when, and what work

was carried out to fix the roof for the time period of on or about January 28, 2024.

**RESPONSE:**

**INTERROGATORY NO. 19:**

Identify, state and describe in detail the condition of the roof as of March 15, 2024.

**RESPONSE:**

12

**INTERROGATORY NO. 20:**

Identify, state and describe in detail when Defendants fully moved into the Premises.

**RESPONSE:**

**INTERROGATORY NO. 21:**

Identify, state and describe in detail when the roof was completely fixed with no leaks.

**RESPONSE:**

**INTERROGATORY NO. 22:**

Identify, state and describe in detail the present condition of the roof.

**RESPONSE:**

**INTERROGATORY NO. 23:**

Identify, state and describe in detail the Lockout, including the time, date, place, length and

circumstances surrounding the Lockout, as well as what happened during the Lockout.

**RESPONSE:**

**INTERROGATORY NO. 24:**

State and describe in detail why You carried out the Lockout.

13

**RESPONSE:**

**INTERROGATORY NO. 25:**

Identify, state and describe in detail the names, contact information and the line of work of all of the vendors that You hired for the Lockout in September of 2024, as well as all of the payments You made to the vendors and contractors that performed services for the Lockout.

**RESPONSE:**

Dated: New York, New York
October 3, 2025

**TWERSKY PLLC**

By: _____
Aaron Twersky, Esq.
Ilana Neufeld, Esq.
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149
(212) 355-5009 (fax)
atwersky@twerskylaw.com (e-mail)
ineufeld@twerskylaw.com (e-mail)

*Attorneys for Defendants Luxe Living Design, LLC and Chaim S. Treitel*

14