

## Twersky PLLC

July 28, 2026

**Via ECF**

Hon. Justin T. Quinn, U.S.M.J.
District of New Jersey
402 E State Street
Trenton, New Jersey 08609

Re:   ***1735 Jersey Ave LLC and PPREF/TP***   ***PPREF/TP North Brunswick Industrial***
      ***North Brunswick Industrial LLC,***   ***LLC, as assignee of 1735 Jersey Ave LLC***
      ***as assignee of 1735 Jersey Ave LLC***   ***v. Luxe Living Design, LLC***
      ***v. Luxe Living Design, LLC et al.***   **Case No. 3:24-cv-06175**
      **Case No. 3:24-cv-06168**

Dear Magistrate Judge Quinn,

I am an attorney with the law firm of Twersky PLLC, counsel for Defendants Luxe Living Design, LLC and Chaim Treitel ("Defendants") in the captioned matter.  I respectfully submit this letter in response to the Text Order dated July 14, 2026 (D.E. 122, 130) and to object to the appointment of a Special Master in this case.  Because discovery is winding down and coming towards an end, and there are only a few remaining items open, Defendants respectfully object to the appointment of a Special Master, and instead request that the Court help facilitate and mediate the few remaining discovery items, without the need for a Special Master.

There are only a few items of discovery that remain open in this case.  In order to finish those, Defendants respectfully requested an extension of the discovery end date, which Plaintiff PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC ("Plaintiff") and 1735 Jersey Avenue LLC ("1735 Jersey Ave") objected to.  Defendants still need to take the deposition of Joe Saadia, the principal of 1735 Jersey Ave.  Defendants were unable to take his deposition on its originally scheduled date, because 1735 Jersey Ave had not (and still has not) given over all of the relevant and necessary discovery documents.  Defendants also need to compel the deposition of non-party Subi Hamra, who was an employee of 1735 Jersey Ave and the property manager at the Property.  Mr. Hamra was properly served with a subpoena, but is not cooperating in scheduling his deposition.  Mr. Hamra has significant facts and information about the case that are necessary to Defendants, which Defendants have been unable to get via document demands to 1735 Jersey Ave and from other depositions.

Defendants also plan to compel certain other non-parties who have been properly served with subpoenas for documents, but who have completely ignored the duly issued and served

Hon. Justin T. Quinn
July 28, 2026
Page 2 of 2

subpoenas. Those non-parties include Roofco Group, Roofing Team Inc. d/b/a Roofing Repair Team and Thomas S. Belardo Roofing, LLC. It is undisputed that these companies did work on the roof of the Property at issue in this matter, and likely have valuable and responsive information needed for Defendants' defense in this case and counterclaims. Defendants also have a motion for a protective order pending, which relates to certain documents Plaintiff has requested, which are not at all needed in this case.

Extending discovery will not harm Plaintiff or any party in this case. However, not extending discovery will prejudice Defendants because they will be unable to attain information that Plaintiff and/or 1735 Jersey Ave have refused to produce and which is not available in any other way.

Moreover, on July 27, 2026, 1735 Jersey Ave filed a letter also objecting to the appointment of a Special Master, due to its alleged "insolvency." *See* D.E.123. 1735 Jersey Ave claims it simply cannot pay for a Special Master, nor its ongoing legal fees, and that its attorneys will be making a motion to withdraw. *See* D.E.123. It is perplexing and hard to believe that 1735 Jersey Ave is claiming it is insolvent, considering that the entity just sold the Property for approximately 75 million dollars. This late claim of insolvency seems dubious at best, and a fraudulent conveyance at worst. In any event, Defendants now will need discovery regarding 1735 Jersey Ave's alleged insolvency, as it seems this is being claimed now in an attempt to prevent Defendants from collecting any damages from 1735 Jersey Avenue. An amendment of Defendants' counterclaims may also be necessary.

Defendants are hopeful that if discovery is extended ninety days, all outstanding issues can be completed without the parties having to undergo the expense of a Special Master. Accordingly, for these reasons it is respectfully requested that the Court not appoint a Special Master, and instead extend discovery and/or schedule a conference to discuss the open discovery issues. Thank you in advance for Your Honor's consideration.

Respectfully yours,

Aaron Twersky, Esq.