**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

PPREF/TP NORTH BRUNSWICK INDUSTRIAL LLC,

Plaintiff,

v.

LUXE LIVING DESIGN, LLC,

Defendant.

Civil Action No. 24-6175 (MAS) (JTQ)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff PPREF/TP North Brunswick Industrial LLC's ("Plaintiff" or "PPREF") Motion for Voluntary Dismissal Without Prejudice pursuant to Federal Rule of Civil Procedure[1] 41(a)(2). (ECF No. 114.) Defendant Luxe Living Design, LLC ("Defendant") opposed (ECF No. 123), and Plaintiff replied (ECF No. 124). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Plaintiff's motion.

## I. BACKGROUND

The parties are familiar with the history of this matter, and, therefore, the Court only recites the facts as necessary to contextualize the instant motion.

Plaintiff's predecessor, 1735 Jersey Avenue LLC ("1735 Jersey Ave"), as owner of the rental premises 1735 Jersey Avenue, North Brunswick, New Jersey (the "Premises"), initiated this

[1] All references to "Rules" or "Rule" hereafter refer to the Federal Rules of Civil Procedure.

action in the Superior Court of New Jersey, Law Division, Special Civil Part Landlord-Tenant Division, Middlesex County, to recover possession of the Premises due to Defendant's failure to pay rent. (*See generally* Verified Compl., ECF No. 1.) On May 15, 2024, Defendant removed the matter to this Court based on diversity jurisdiction. (*See generally* Not. of Removal, ECF No. 1.) On May 31, 2024, Defendant filed its Answer. (*See generally* Answer, ECF No. 7.)

In March 2025, PPREF, as assignee of 1735 Jersey Ave, was substituted into this action as the named plaintiff. (*See* Consent Order, ECF No. 64.) At this time, the parties had been engaging in settlement discussions (*see* Mar. 28, 2025, Text Order, ECF No. 63), but settlement discussions did not lead to a resolution of this matter and the parties thereafter engaged in discovery (*see* Am. Scheduling Order, ECF No. 80).[2]

On March 30, 2026, Plaintiff filed the instant motion seeking to dismiss the action without prejudice. (*See generally* Mot. For Voluntary Dismissal, ECF No. 114.) Defendant opposed (*see generally* Def.'s Opp'n Br., ECF No. 123), and Plaintiff replied (*see generally* Pl.'s Reply Br., ECF No. 124).

## II. LEGAL STANDARD

Under Rule 41(a)(2), a plaintiff may request a voluntary dismissal of its complaint, which district courts are empowered to grant "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Whether to grant a Rule 41(a)(2) dismissal is within the sound discretion of the Court, but in general, "a motion for dismissal 'should not be denied absent substantial prejudice to the defendant.'" *Sporn v. Ocean Colony Condo. Ass'n*, 173 F. Supp. 2d 244, 255 (D.N.J. 2001)

[2] The Court notes that by April 2026, the parties had engaged in numerous discovery disputes in front of this Court, and the Court observed that the parties were not moving the case forward and that "virtual meet and confers are doing little to nothing" to resolve disputes. (Apr. 6, 2026, Text Order, ECF No. 118.) The Court, therefore, ordered that all future meet-and-confers be conducted in person. (*Id.*)

(quoting *Johnston Dev. Grp., Inc. v. Carpenters Loc. Union No. 1578*, 728 F. Supp. 1142, 1146 (D.N.J. 1990)). As such, the guiding inquiry on a Rule 41(a)(2) motion is whether the defendant will be prejudiced by the dismissal. *See Emmanouil v. Mita Mgmt., LLC*, No. 11-5575, 2015 WL 5023049, at *3 (D.N.J. Aug. 24, 2015). "[I]n deciding a Rule 41(a)(2) motion, 'a court must examine the prejudice to the defendant, both in terms of legal prejudice and litigation expense[.]'" *Williamson v. Daiichi Sankyo, Inc.*, No. 15-2606, 2017 WL 2226734, at *2 (D.N.J. May 22, 2017) (quoting *Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008)). Notably, neither the "mere prospect of a second lawsuit" nor the fact that the plaintiff "may gain some tactical advantage by a voluntary dismissal" is sufficient on its own to constitute prejudice to the defendant. *Selby v. Inspira Med. Ctrs., Inc.*, No. 18-9675, 2018 WL 6696775, at *1 (D.N.J. Dec. 19, 2018) (first quoting *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990); and then quoting *Environ Prods., Inc. v. Total Containment, Inc.*, No. 94-7118, 1995 WL 459003, at *5 (E.D. Pa. July 31, 1995)).

## III. DISCUSSION

Plaintiff brings the instant motion seeking dismissal without prejudice because: (1) Plaintiff's predecessor, 1735 Jersey Ave, initially commenced this action; (2) following the transfer of the Premises to Plaintiff, Plaintiff "has since determined that it does not wish to pursue eviction, but instead desires to maintain Defendant as a tenant, subject to Defendant making the rent payments on time"; and (3) "Defendant cannot demonstrate any cognizable prejudice" given the early stage of the case and Plaintiff's "legitimate motives" for seeking a dismissal without prejudice. (Pl.'s Moving Br. 1, ECF No. 114-2.)

Courts consider multiple factors when deciding a voluntary dismissal motion under Rule 41(a)(2), including: "(1) the expense of a potential second litigation; (2) the effort and expense

incurred by defendant in preparation for trial in the present case; (3) the extent to which the case has progressed; and (4) plaintiff's diligence in bringing the motion to voluntary dismiss." *Shamrock Creek, LLC v. Borough of Paramus*, No. 12-2716, 2015 WL 3902307, at *2 (D.N.J. June 23, 2015) (citing *Sporn*, 173 F. Supp. 2d at 255), *aff'd*, 683 F. App'x 142 (3d Cir. 2017). For the reasons noted below, the Court finds that the factors weigh in favor of dismissal without prejudice under Rule 41(a)(2).

*First*, considerations regarding the "expense of a potential second litigation" weigh in favor of dismissal without prejudice. Plaintiff represents that it seeks voluntary dismissal at this point because it "wishes to keep Defendant as a tenant of the . . . Premises." (Pl.'s Moving Br. 3.) Defendant argues that the first factor, however, weighs in favor of not dismissing the action because, "[i]f the Court were to grant Plaintiff's Motion, Plaintiff will almost certainly file a new case, which is why Plaintiff is so eager to have a voluntary dismissal without prejudice." (Def.'s Opp'n Br. 5.) According to Defendant, the current litigation is "intimately tied to another case before this Court" and allowing for dismissal of this action would provide Plaintiff an opportunity to bring a new "standalone eviction action, in State Court[.]" (*Id.*) The prospect of a second lawsuit, however, is not a sufficient basis to find in favor of denying Plaintiff's motion. *See In re Paoli R.R. Yard PCB Litig.*, 916 F.2d at 863 ("Rule 41 motions 'should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit.'" (citation omitted)). Moreover, Plaintiff represents that "any discovery that has occurred thus far may be used in the potential second litigation, alleviating any prejudice of expense[,]" which also weighs in favor of granting dismissal. (Pl.'s Moving Br. 5); *see HouseMaster SPV LLC v. Burke*, No. 21-13411, 2024 WL 493272, at *5 (D.N.J. Feb. 8, 2024) (finding first factor weighed in favor of dismissal where plaintiff represented that "it would agree to the use of any discovery already exchanged in this

action" as "this would substantially reduce the risk of any duplicative discovery costs to [defendant] in a second action and mitigates any possible prejudice to [defendant]"). Factor one, therefore, weighs in favor of granting Plaintiff's motion.

*Second*, the factor regarding the effort and expense incurred by Defendant weighs in favor of granting dismissal. Although the matter has been proceeding for two years, the majority of litigation has concerned a motion for a temporary restraining order and discovery disputes. As Plaintiff points out, "Defendant has not yet undertaken the substantial discovery, motion practice, or trial preparation that would give rise to cognizable prejudice" in this case. (Pl.'s Moving Br. 5.) Where, as here, the case "is not remotely near trial," this factor weighs in favor of granting Plaintiff's motion. *See Shamrock Creek*, 2015 WL 3902307, at *2.

*Third*, the extent to which the case has progressed also weighs in favor of granting dismissal. Although the matter has been pending for two years, the parties have not significantly advanced the litigation. Rather, much of the docket entries are a result of numerous discovery disputes and the parties "running to the Court to file letters filled with adjectives, adverbs, and ad hominem attacks that do nothing to move this case forward." (Apr. 6, 2026, Text Order.) This factor does not show any undue prejudice to Defendant, and instead weighs in favor of granting Plaintiff's motion. *See Shamrock Creek*, 2015 WL 3902307, at *2 ("Despite more than [two hundred] docket entries, many of which demonstrate little more than the parties' contempt for each other, this case is still in the pleading stage. This factor also weighs in favor of granting the voluntary dismissal."); *HouseMaster SPV*, 2024 WL 493272, at *6 (finding that "the case's progression weighs in favor of voluntary dismissal" where "discovery in th[e] matter remains open, the discovery end date has not expired, and no trial date has been set").

*Fourth*, Plaintiff's diligence does not weigh against granting dismissal. Plaintiff seeks to dismiss the matter two years after it was brought and removed to this Court. (*See generally* Not. of Removal.) Plaintiff, however, is not the party who initiated this action, and was instead substituted as the named plaintiff approximately one year into the litigation. (*See generally* Verified Compl.; Consent Order.) Moreover, at the time Plaintiff was substituted, the parties were engaged in settlement discussions (*see, e.g.*, Mar. 28, 2025 Text Order), and have since been engaging in discovery disputes (*see, e.g.*, Apr. 6, 2026, Text Order). The Court sees no evidence of a lack of diligence on Plaintiff's part considering the procedural history of this matter. *See HouseMaster SPV*, 2024 WL 493272, at *6 (finding plaintiff was diligent in filing motion to dismiss under Rule 41 where plaintiff "promptly brought [its] motion . . . after this Court noticed that it would permit further discovery before [plaintiff's] motion for summary judgment would be decided").

As the above factors weigh in favor of granting dismissal, and the Court finds that Plaintiff is not engaging in the type of gamesmanship that warrants denying such a motion, the Court grants Plaintiff's motion. *See Nobrega v. Troy-Bilt*, No. 22-4204, 2025 WL 3063750, at *3 (D.N.J. Nov. 3, 2025) ("Plaintiffs' motivations for seeking dismissal are unrelated to [p]laintiffs' case strategy and thus do not constitute 'gamesmanship' of the type that warrants denial of voluntary dismissal." (citation omitted)). The Verified Complaint is, therefore, dismissed without prejudice without the imposition of any conditions.[3]

---

[3] In the alternative, Defendant asks this Court to "impose a condition and require [that] Plaintiff not re-file the [e]vicition [a]ction in any other Court." (Def.'s Opp'n Br. 7); *see* Fed. R. Civ. P. 41(a)(2) ("[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."). In reply, Plaintiff represents that it "will not file a new eviction action based on the breaches of the [l]ease through the date of filing its Motion." (Pl.'s Reply Br. 6.) In light of such a representation, the Court finds no need to impose any condition on the dismissal without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Voluntary Dismissal is granted. Plaintiff's Verified Complaint is dismissed without prejudice. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: August 31, 2026